Bobby HOLCOMBE, Appellant,

v.

The STATE of Texas, Appellee.

No. 40940.

Court of Criminal Appeals of Texas.

Jan. 17, 1968.

Rehearing Denied March 20, 1968.

Cayton & Gresham by Willis E. Gresham, Jr., Lamesa, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

Ronnie Gaines, Perryton, for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

DICE, Judge.

The conviction is for burglary; the punishment, enhanced under Article 63, P. C., by virtue of two prior convictions for felonies less than capital, life imprisonment.

Trial was on August 20, 1963, and judgment was rendered by the court on such date.

An appeal to this court was dismissed on March 4, 1964, because of the absence of a sentence in the record. Holcombe v. State, Tex.Cr.App., 375 S.W.2d 914.

On January 30, 1967, an order was entered in Civil Action No. 65–H–543 by Judge Joe Ingraham in the United States District Court for the Southern District of Texas, Houston Division, directing that appellant be returned to the District Court of Ochiltree County for re-imposition of sentence or for such other steps necessary to afford him an adequate review of his conviction.

Pursuant to such order, appellant was returned to the District Court of Ochiltree County and, after an attorney was appointed to represent him, was sentenced on April 28, 1967, to life imprisonment in the Texas Department of Corrections under the original judgment of conviction.

From such sentence appellant duly excepted and gave notice of appeal to this court.

The indictment, after charging the primary offense of burglary, alleged four prior felony convictions for enhancement of the punishment.

In paragraphs two, four, and five, the indictment alleged convictions in the State of Oklahoma and in each instance alleged that the conviction was upon information. In paragraph three, the indictment charged a conviction in the State of Texas upon an indictment legally pending in the District Court of Dallam County.

At the trial, proof was made by the state of the four prior convictions alleged, and appellant admitted while testifying as a witness that he was the same person convicted in the four prior cases.

The court, in his charge, instructed the jury that appellant had been legally convicted in the District Court of Cleveland County, Oklahoma, in Cause No. 4238, of the offense of burglary in the second degree, as alleged in the second paragraph of the indictment, and also had been duly and legally convicted in the District Court of Dallam County, Texas, in Cause No. 1779, of forgery, as charged in the third paragraph of the indictment, and that if the jury found appellant guilty of the offense of burglary as charged in the first paragraph of the indictment then they would find that each and all the allegations set out in the second and third paragraphs of the indictment were true.

In their verdict, the jury so found and, based upon such verdict, judgment was rendered by the court and appellant was

sentenced to life imprisonment, pursuant to the provisions of Art. 63, supra.

In his brief, appellant challenges the sufficiency of the evidence to authorize enhancement of his punishment under Art. 63, supra, because the prior felony conviction in the State of Oklahoma used for enhancement was upon information and no proof was offered by the state showing that such prosecution was authorized by the laws of Oklahoma.

 In support of his contention, appellant relies upon Art. 1, Sec. 10, of the Constitution of this State, Vernon's Ann.St., which provides that no conviction for a felony may be had in this state unless upon an indictment. He further relies upon the rule that in the absence of a showing to the contrary it will be presumed that the laws of a sister state are the same as those of this state. Ex parte Cooper, 163 Tex.Cr. R. 642, 295 S.W.2d 906; Green v. State, 165 Tex.Cr.R. 46, 303 S.W.2d 392; Melancon v. State, Tex.Cr.App., 367 S.W.2d 690.

Recently, in Melancon v. State, supra evidence was held insufficient to sustain enhancement of punishment under Art. 63, supra, for reasons similar to those urged by appellant.

Under the record, appellant's conviction with punishment enhanced under Art. 63, supra, cannot stand.

We do not agree with the state's contention that under the case of Sistrunk v. State, 169 Tex.Cr.R. 74, 331 S.W.2d 323, appellant's admission of his two prior convictions constituted sufficient proof thereof. His mere admission that he had been convicted in Oklahoma in the case alleged and used for enhancement did not constitute proof that the laws of Oklahoma authorized prosecution for a felony upon information.

We observe that upon another trial, under the provisions of Art. 36.01, C. C.P., that portion of the indictment alleging prior convictions for enhancement should not be read to the jury until the hearing on punishment provided in Art. 37.07, C.C.P. Further, at the hearing on punishment, in the event appellant elects to have the jury assess punishment such portions of the indictment should not be read or proof offered in support thereof unless and until it is first determined by the court that the prior convictions are valid and admissible in evidence. See: Burgett v. State of Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319.

The judgment is reversed and the cause is remanded.