**Mack HAWKINS, Petitioner,**

v.

**The STATE of Oklahoma, Respondent.**

**No. A–14569.**

Court of Criminal Appeals of Oklahoma.

May 1, 1968.

Mack Hawkins, pro se.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondent.

BRETT, Judge.

Mack Hawkins was convicted in the district court of Tillman County, Oklahoma, on December 7, 1962 on a charge of murder, and sentenced to life imprisonment, case No. 2517. Thereafter, on the same day, December 7, 1962, in case No. 2520, defendant was sentenced in the same court to serve twenty years on a plea of guilty to a charge of first degree robbery with firearms, such sentence not to commence until defendant had served and satisfied the judgment and sentence of life imprisonment.

Defendant grounds his application for writ of habeas corpus in this case, where he complains of the judgment and sentence in case No. 2520, on three propositions: (1) that his plea of guilty was obtained by duress and coercion; (2) that he was denied right of counsel; and (3) that he was not indicted by a grand jury.

Petitioner alleges that after he had been sentenced to life imprisonment in the murder case, No. 2517, and his attorney had

left the court room, petitioner was called before the court and sentenced in case No. 2520, and thereafter returned to jail. He states that later his attorney came to the jail and informed him that he did not know about the robbery charge, or he would not have left the court room. Petitioner states that he was then taken back to the district court, and appeared with his attorney, and was asked if he understood the action taken. The minutes of the court, which petitioner attaches to his petition, recite: "The defendant was brought back into the court room and asked by the court, county attorney and his counsel if he understood the sentence. After discussion by all persons and advice from all parties, defendant stated that he understood the sentence he received, and did not wish to withdraw his plea."

The Court finds that the exhibits attached to the petition filed by this petitioner negate the first two propositions alleged, in that they show that petitioner was represented by counsel at the time he entered his plea and was sentenced, and that he affirmatively waived any right to withdraw his plea after sentence was pronounced.

In Oklahoma where an information is duly filed against a defendant, it is not necessary that he be proceeded against by indictment of a grand jury.

This petitioner files his petition without aid of counsel, and while he calls the same a "Writ of Habeas Corpus", his prayer is that the Court issue an order vacating the judgment and sentence issued by the district court of Tillman County in case No. 2520, and order said court to grant appellant a jury trial.

After due consideration, the Court is of the opinion that none of petitioner's rights were violated, and petitioner is not entitled to a writ of habeas corpus, or to a post conviction appeal.

Writ denied.

NIX, P. J., and BUSSEY, J., concur.