**Mack HAWKINS, Petitioner,**

v.

**Ray H. PAGE, Warden, Oklahoma State Penitentiary, and the State of Oklahoma, Respondents.**

**No. A–14665.**

Court of Criminal Appeals of Oklahoma.

Jan. 14, 1970.

Mack Hawkins, pro se.

G. T. Blankenship, Atty. Gen., H. L. McConnell, Asst. Atty. Gen., for respondents.

## MEMORANDUM OPINION

PER CURIAM.

This court has sustained the motion of the Attorney General to reconsider its decision by order dated August 16, 1968, dismissing this cause to make it manifestly clear that we have considered and rejected petitioner's contentions attacking the validity of the judgment and sentence on plea of guilty imposed in the District Court of Tillman County, Oklahoma, Case No. 2517, sentencing petitioner to life imprisonment for murder. Our order dated August 16, 1968, dismissing this cause found that petitioner's contentions were without merit in view of this court's decision in a previous application by petitioner, Case No. A–14,569, decided May 1, 1968, reported as Hawkins v. State, Okl.Cr., 440 P.2d 991.

This court's opinion in Case No. A–14,569, although concerned primarily with petitioner's attack on the judgment and sentence imposed in Tillman County, on December 7, 1962, in Case No. 2520, sentencing petitioner to 20 years on plea of guilty to first degree robbery, found that petitioner had entered his plea voluntarily with benefit of counsel and that the judgment was not

defective because he was prosecuted by information rather than grand jury indictment. The same issues are raised by petitioner in this cause, Case No. A–14,665, attacking the judgment and sentence imposed the same day in the same court in District Court Case No. 2517 on petitioner's plea of guilty to murder.

Briefly stated, petitioner's application attacking the murder conviction alleges that his plea of guilty is constitutionally defective for the reason he was denied his right to have counsel, because he does not remember if he or his court-appointed counsel entered the guilty plea, and because he was not indicted by a grand jury.

Not only do petitioner's own statements in his application indicate that he was represented by court-appointed counsel when he entered his plea, but this court's opinion in Case. No. A–14,569 found petitioner was represented by counsel on his plea of guilty to murder and the trial court's records of Tillman County affirmatively show that petitioner had benefit of counsel when he entered his plea and was sentenced. A plea of guilty entered with benefit of counsel is constitutionally valid. Williams v. State, Okl.Cr., 448 P.2d 292. Furthermore, a voluntary and competently entered plea of guilty waives any defects in the preliminary proceedings. Gates v. District Court, Okl.Cr., 425 P.2d 1008. Specifically, the claim of privilege against self-incrimination is waived by a valid plea of guilty. Eby v. United States, 415 F.2d 319 (10 Cir. 1969).

Regarding petitioner's attack on the validity of judgment and sentence because there was no grand jury indictment, we again find there is no merit. A prosecution in Oklahoma courts by a proper information is legal, valid and constitutional, as the grand jury indictment requirement of Sixth Amendment of United States Constitution is not binding on the states through the Fourteenth Amendment. Sisson v. State, Okl.Cr., 426 P.2d 379 (1967). Martin v. Beto, 397 F.2d 741 (5th Cir. 1968).

Therefore, having considered and finding without merit petitioner's contentions attacking the judgment and sentence imposed in the District Court of Tillman County, Oklahoma, Case No. 2517, sentencing petitioner to life imprisonment on his plea of guilty to the charge of murder, this court concludes, and reaffirms its order herein on August 16, 1968, that the petition for habeas corpus must be denied. Writ denied.