James Allen DEUTSER, Appellant,

v.

The STATE of Texas, Appellee.

No. B14–82–413CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 17, 1983.

Petition for Discretionary Review Denied July 13, 1983.

Terrill L. Flenniken, David Berg, Houston, for appellant.

Patricia Saum, John Kyles, Houston, for appellee.

Before PAUL PRESSLER, ROBERTSON and CANNON, JJ.

## OPINION

CANNON, Justice.

Appellant was indicted for the felony offense of carrying a handgun while on a premise licensed to sell liquor. The appellant filed a motion to suppress the evidence as fruit of an illegal arrest and search, which was denied. After the hearing on the motion to suppress, the appellant waived his right to a trial by jury and entered a plea of nolo contendere to the reduced misdemeanor charge of carrying a prohibited weapon. The court found the appellant guilty of the misdemeanor offense and, pursuant to a plea bargain agreement, assessed punishment at forty-five days in the Harris County Jail and a $1,500.00 fine. The appellant was sentenced on June 16, 1982, at which time he timely filed his written notice of appeal. In his sole ground of error, the appellant contends that the trial court erroneously permitted the appellant to enter a plea of nolo contendere because the plea was conditional. We do not agree and affirm.

■ Appellant's argument fails because it is not supported by the record. The hearing on the appellant's plea was not transcribed by the court reporter. Therefore, there is no statement of facts which this court can review in order to determine if the appellant's plea was in fact induced by any statement of the trial judge. The appellant has a duty to protect the record and to preserve error in order to be in a position to argue that his rights were violated when the motion to suppress was overruled. *Strother v. State,* 619 S.W.2d 177, 178 (Tex.Cr.App.1981).

Appellant bases his argument on a notation made by the court clerk on the docket sheet. The judgment reflects that the appellant's plea was entered on June 16, 1982. The docket sheet for that day reflects the following notations:

The Defendant, appeared in person with counsel Terrill Flenniken.

On motion of State's prosecutor and with consent of the Court, this cause reduced to a Class A Misdemeanor.

Defendant, duly arraigned according to law, in open court pleaded nolo contendere.

Jury waived by Defendant in person and in writing, in open court, waiver approved by the Court and consented to and approved in writing by State's counsel. *Defendant pleads guilty and appearing to the Court to be sane, is admonished by the Court of the consequences of said plea.* Defendant persists in pleading guilty; Defendant's plea entered; adjudged guilty; penalty, recommendation of the State, 45 days HCJ. (Emphasis added).

The Court found the Defendant guilty; and that the said Defendant committed the said offense on the 28th day of January A.D. 1982.

The Court assessed the punishment at 45 days HCJ and a fine of $1,500.00. Defendant sentenced 45 days in the Harris County Jail.

This sentence to begin _____. Court granted weekend service.

To which action of the Court the Defendant then and there, in open Court excepted and gave notice of appeal to the Court of Appeals in the State of Texas, Houston, Texas.

And inasmuch as said Defendant has given notice of appeal herein, execution of the Sentence is deferred to await the judgment and order of our Court of Appeals in this behalf.

Bail set in the amount of $1,000.00 pending appeal herein.

Terill Flenniken employed attorney of choice on the appeal.

Court allowed defendant to appeal this case as to motion to suppress.

The appellant insists that this last notation on the docket sheet shows that the appellant's plea was conditional. Specifically, he alleges that "at no time did the court inform appellant what the effect of his judicial confession would be on his right to appeal." This allegation is not supported by the record. On the contrary, as indicated above, the docket sheet reflects that the appellant was admonished as to the consequences of his plea.

Since we have no statement of facts, we must decide appellant's sole ground of error based upon the record in its present state. There is absolutely no evidence before this court to support appellant's allegation that, prior to accepting his plea of nolo contendere, the trial court promised him that he could appeal his motion to suppress on the merits. The Court of Criminal Appeals has stated that:

> It is well established that this court cannot accept as fact allegations or assertions in an appellant's brief which are not supported by the record. *Beck v. State,* 573 S.W.2d 786, 788 (Tex.Cr.App.1978).

The appellant's ground of error is without support in the record and is overruled. Accordingly, the judgment is affirmed.