**Arthur P. DAVILA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–84–0421–CR.**

Court of Appeals of Texas,
Houston (1 Dist.).

Feb. 14, 1985.

Ralph Behrens, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Timothy G. Taft, John Petruzzi, Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and COHEN and DUNN, JJ.

OPINION

DUNN, Justice.

The appellant was convicted by a jury of aggravated robbery. The jury assessed punishment at 40 years.

In his only ground of error, appellant contends that the trial court erred by permitting the enhancement allegation of the indictment to be read and proof offered thereon without first holding a hearing to determine that the prior conviction was valid and the evidence offered was admissible, citing *Holcombe v. State*, 424 S.W.2d 635 (Tex.Crim.App.1968). Although *Holcombe* appears to support appellant, we find it is inapplicable. Holcombe was tried in a one-stage, non-bifurcated trial prior to the effective date of the 1965 enactment of the Code of Criminal Procedure, which requires a bifurcated hearing. Tex.Code Crim.P. Ann. art. 36.01 (Vernon 1981). In *Holcombe*, not only was the indictment, includ-

ing the enhancement allegation, read to the jury at the commencement of the trial, but proof of the enhancement allegation was also heard along with proof of guilt. Holcombe's conviction was reversed by the Court of Criminal Appeals because the evidence was held insufficient to sustain the enhancement allegation. After finding reversible error, the Court *observed* that, upon re-trial of the case under the newly enacted bifurcated procedure, such portions of the indictment should not:

> be read or proof offered in support thereof unless and until it is first determined by the court that the prior convictions are valid and admissible in evidence.

*Holcombe*, 424 S.W.2d at 637.

The observation in *Holcombe* was no more than dicta. We note that, after making the observation, the Court cited *Burgett v. Texas*, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). In *Burgett* a pre-trial motion to quash the enhancement allegations of an indictment was filed, but apparently not ruled on. At Burgett's unitary trial the entire indictment, including the enhancement allegations, was read to the jury. During the trial, two judgments of Burgett's prior conviction, which indicated that he had been tried without counsel, and in violation of his federal constitutional rights, were admitted in evidence over objection. Moreover, a prior Texas conviction was already in evidence when the parties became aware that it was void, and it was stricken from the record. Later, the Court instructed the jury not to consider any evidence of Burgett's prior convictions. In the face of these facts, the United States Supreme Court held:

> The admission of a prior criminal conviction which is constitutionally infirm under the standards of *Gideon v. Wainwright* [372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799] is inherently prejudicial and we are unable to say the instruction to disregard it made the constitutional error "harmless beyond a reasonable doubt" within the meaning of *Chapman v. State of California* [386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705]. . . .

*Burgett*, 389 U.S. at 115, 88 S.Ct. at 262 (citation and footnote omitted).

■ State procedures have greatly changed since *Holcombe* and *Burgett* were decided. Texas criminal trials are now bifurcated and the jury does not hear evidence relating to punishment until after it finds the accused guilty. Tex.Code Crim.P. Ann. art. 36.01 (Vernon 1981). In *Hill v. State*, 633 S.W.2d 520, 523 (Tex.Crim.App. 1981) (op. on reh'g), it was held that:

> [F]ailure to object at trial to the introduction of proof of an allegedly infirm prior conviction precludes a defendant from thereafter attacking a conviction that utilized the prior [infirm] conviction. If an objection is timely lodged on proper grounds, the trial court can finally determine, at trial, whether the prior conviction was permissibly obtained and whether it is admissible as evidence.

*Id.* at 525. However, Texas recognizes an exception to the contemporaneous objection rule expressed in *Hill:* where the prior conviction used for enhancement is based on a void indictment, the absence of a timely objection at trial does not waive error. *Ex parte White*, 659 S.W.2d 434 (Tex.Crim. App.1983), *Duplechin v. State*, 652 S.W.2d 957 (Tex.Crim.App.1983). This exception is premised on the notion that the court rendering the judgment in the prior conviction never had jurisdiction over the defendant. *Weaver v. McKaskle*, 733 F.2d 1103 (5th Cir.1984). With this exception, *Hill* remains the rule in this state.

■ In the case at bar, the record clearly indicates through appellant's own testimony, prior to the commencement of his trial, that he was aware of the consequences of the enhancement allegation in his indictment. He made no motion to quash the enhancement allegation prior to trial or prior to the punishment phase, neither did he object to the enhancement allegation being read to the jury at the commencement of the punishment hearing. His first objection came at the punishment stage of the trial, after the first witness was called and displayed a penitentiary packet. Then, the appellant's only objection was that the cer-

tification of the cause number on the penitentiary packet by the clerk, 287,331, was at variance with the cause number as set out in the enhancement portion of the indictment, 287,333. It is apparent from the record that appellant's objection to the introduction of the penitentiary packet was sustained because the two numbers differed, not because the prior conviction was void or even voidable.

Appellant argues that the jury was irreparably prejudiced at the punishment hearing by the witness's statements that he had taken appellant's fingerprints and by the witness's exhibition of the penitentiary packet before the jury. The record reflects that the witness did no more than refer to the penitentiary packet when the court sustained appellant's objection; there was no further testimony. The penitentiary packet was not linked to appellant or admitted in evidence, and appellant requested no further relief. Appellant's procedural failure to request an instruction to disregard the papers not in evidence waived any complaint on appeal. *DeRusse v. State*, 579 S.W.2d 224, 232 (Tex.Crim. App.1979).

Because appellant made no motion to quash the enhancement paragraph of the indictment, the trial court was not required to hold a hearing outside the presence of the jury to determine the admissibility of the state's evidence.

Appellant's sole ground of error is overruled and the judgment of the trial court is affirmed.