Clyde NUBINE, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–85–0272–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 30, 1986.

Catherine Greene Burnett, Janet Seymour Morrow, Morrow & Burnett, Houston, for appellant.

John B. Holmes, Jr., Harris Co. Dist. Atty., Eleanor M. McCarthy, John Petruzzi, Harris County, Asst. Dist. Attys., Houston, for appellee.

Before LEVY, DUGGAN and DUNN, JJ.

## OPINION

LEVY, Justice.

A jury found appellant guilty of murder and assessed punishment, enhanced by a prior conviction, at 75 years confinement.

The record reflects that appellant stabbed the complainant during an altercation outside the mission home where the appellant lived. The indictment alleged that on or about July 15, 1984, the appellant did:

intentionally and knowingly cause the death of Raymond Jefferson, hereafter styled the complainant, by stabbing the complainant with a knife....

Before the commission of the offense alleged above on February 16, 1970, in case no. CRF–69–41, in the District Court of Lincoln County, Oklahoma, the defendant was convicted of the felony of Assault with Intent to Rape.

Before the hearing on punishment, the appellant filed a motion to quash the enhancement count of the indictment, alleging that the 1970 Oklahoma conviction was void because it was obtained on information, in violation of his then constitutional right to be tried for a felony offense only upon an indictment. Following the trial court's denial of the motion, the appellant pled true to the enhancement paragraph.

■ In two points of error, the appellant contends that the trial court erred in excluding defense exhibits 2 and 3, because appellant was thereby prevented from sustaining his burden of proving that the prior Oklahoma conviction was void. *Acosta v. State*, 650 S.W.2d 827, 829 (Tex.Crim.App. 1983). Judgments that are void cannot be used to enhance punishment. *Stapleton v. State*, 671 S.W.2d 724, 725 (Tex.App.— Houston [1st Dist.] 1984, no pet.).

Defense exhibit 2 is an affidavit and attestation from the custodian of records for the court clerk of Lincoln County, Oklahoma, which states that the record of cause no. CRF–69–41 does not contain a waiver of indictment executed or signed by the appellant. Defense exhibit 3 consists of the information charging the appellant with assault with intent to commit rape, and the verdict, judgment, and sentence of conviction for that offense.

The judgment is silent as to whether appellant was tried by information or by indictment. However, the verdict reads as follows:

We, the Jury, duly empaneled and sworn to try the above cause, do, upon our oaths, find the Defendant guilty as charged in the information of the Crime of Assault With Intent to Rape After Former Conviction of a Felony, and fix his punishment at imprisonment in the penitentiary for a period of not less than three years nor more than ten years.

The trial court denied appellant's motion to introduce both exhibits. Though no reason was given for the exclusion of defense exhibit 2, the court disallowed defense exhibit 3 apparently because there was nothing to show that defendant was the same person listed in the documents found in defense exhibit 3.

Appellant argues that these exhibits should have been allowed into evidence because they were relevant to meeting his burden of proving that the Oklahoma conviction was void for purposes of enhancement. We agree.

■ Generally, the exclusion or admissibility of evidence rests in the sound discretion of the trial judge. *See Stone v. State*, 574 S.W.2d 85, 89 (Tex.Crim.App. 1978). The evidence must be relevant to a contested fact or issue to be admissible, tending to make it either more or less probably true, and this Court will not reverse unless a clear abuse of discretion is shown. *See Williams v. State*, 535 S.W.2d 637, 639 (Tex.Crim.App.1976).

■ Here, the appellant's prior conviction was in 1970. The information and verdict appellant sought to introduce in defense exhibit 3 revealed that appellant had been tried by information. Under Tex. Const. art. I, sec. 10, "No person shall be held to answer for a criminal offense, unless on an indictment of a grand jury, except in cases in which punishment is by fine or imprisonment, otherwise than in the penitentiary." In 1970, the legislature had not yet enacted Tex.Code Crim.P. Ann. art. 1.141 (Vernon 1977), which provides for voluntary waiver of indictment; one could not therefore lawfully waive an indictment in 1970 for a felony offense in Texas. Moreover, the State did not attempt to show that the pertinent laws of Oklahoma were then different from the laws of Texas.

Appellant argues that we must presume that in 1970, absent proof to the contrary, the law in Oklahoma regarding felony trial by indictment was the same as the law of Texas at that time. *See Smith v. State,* 683 S.W.2d 393, 406 (Tex.Crim.App.1984); *Acosta,* 650 S.W.2d at 830; *Stapleton,* 671 S.W.2d at 726. The evidence appellant sought to introduce in defense exhibit 3 affirmatively showed that the verdict of guilty in the prior conviction was based on the allegations in the information. Because Texas law did not provide for waiver of indictment at that time, defense exhibit 3 was probative, if not crucial, evidence in support of appellant's motion to quash the enhancement paragraph.

■ Furthermore, contrary to the assertions of the prosecutor, such evidence was not inadmissible because of the appellant's failure to offer fingerprint evidence linking him to the exhibits. It is well settled that the stipulation or judicial admission of the defendant is a sufficient means of proving that the accused is the same person as was previously convicted. *Rios v. State,* 557 S.W.2d 87, 92 (Tex.Crim.App.1977).

We conclude that the trial court abused its discretion in excluding the defense exhibits.

The State argues that the appellant has not shown that he was harmed by the exclusion of the evidence. According to the State, defense exhibits 2 and 3 reflect only that appellant was charged by information, and that the clerk of Lincoln County, Oklahoma, could not find a waiver of indictment executed by appellant in cause number CRF–69–41. The State further contends that because art. 1.141 allows the accused to voluntarily waive his right to be charged by an indictment, we must presume that the law in Oklahoma provides for the same waiver. The State concludes that the fact that the Lincoln County court clerk stated that a waiver of indictment is not in the record is insufficient to support appellant's contention on appeal. *See Acosta,* 650 S.W.2d 827.

However, the State's argument does not address appellant's contention that a conviction for a felony upon an information was not valid in Texas prior to the enactment in 1971 of art. 1.141. The cases relied upon by the State, *Acosta* and *Mendoza v. State,* 552 S.W.2d 444 (Tex.Crim.App.1977), are distinguishable from the instant case. In *Acosta,* the prior conviction alleged in the enhancement paragraph occurred after the 1971 effective date of article 1.141, and the defendant was properly required to make an affirmative showing that no waiver of indictment under art. 1.141 existed. *Acosta,* 650 S.W.2d at 829 (also, 829–32, Onion, P.J., concurring). In *Mendoza,* no question of waiver of indictment was ever involved, nor was article 1.141 either cited or invoked. 552 S.W.2d at 449.

■ In contrast, the appellant in the instant case was not required to prove that he did not waive an indictment because the offense occurred prior to the enactment of art. 1.141. *See Smith,* 683 S.W.2d at 406. It was, thus, impermissible for him to waive an indictment at that time.

■ The State also argues that the appellant waived any error in regard to the enhancement paragraph when he pled true to the enhancement and did not object to the admission of the pen packet on the basis that his 1970 conviction was void.

*See O'Dell v. State,* 467 S.W.2d 444 (Tex. Crim.App.1971); *Gray v. State,* 628 S.W.2d 228, 233 (Tex.App.—Corpus Christi 1982, pet. ref'd). We disagree.

In *Holcombe v. State,* 424 S.W.2d 635, 637 (Tex.Crim.App.1968), the court addressed a similar issue and held that the accused's "mere admission that he had been convicted in Oklahoma in the case alleged and used for enhancement did not constitute proof that the laws of Oklahoma authorized prosecution for a felony upon information." As in the case at bar, "no proof was offered by the State showing that such prosecution was authorized by the laws of Oklahoma." *Id.* Here, the appellant's timely motion to quash adequately raised the issue of the validity of his prior Oklahoma conviction, and the issue was therefore not waived by appellant's plea of true. *Id.* at 635. The "true" plea conceded only that appellant was the same person that had been convicted in the Lincoln County District Court cause number CRF–69–41, and no more.

■ Whether such an information is sufficient as a charging instrument under the laws of Oklahoma, however, is essentially a question of law. Although a trial judge could not, prior to the new rules, take judicial notice on his own motion of the laws of other states, 1 R. Ray, *Texas Law of Evidence Civil & Criminal* sec. 173 (Texas Practice 3d ed. 1980), an appellate court now need not be confined solely to the trial record for "evidence" of the laws of a sister state.[1] *Ex parte Mason,* 656 S.W.2d 470, 471 (Tex.Crim.App.1983). From readily available and easily accessible sources, appellate judges are competent to ascertain with reasonable certainty wheth-

er an information is sufficient as a charging instrument under the law of another state. *Id.* at 471–72 (quoting from *Acosta,* 650 S.W.2d 827 (Clinton, J., concurring)).

■ We therefore are authorized to note that article 2, section 17 of the Oklahoma Constitution provides for criminal prosecutions of both felonies and misdemeanors by either indictment or, after a preliminary examination by an examining magistrate, by information; that Okla.Stat. Ann. tit. 22, sec. 301 (West 1969), enacted in 1910, provides in pertinent part that "Every felony must be prosecuted by indictment or information in the district or superior court . . . ;" and that Oklahoma's appellate cases are consistent in upholding the authority of the state prosecutors to commence felony prosecutions by information. *See Wood v. State,* 3 Okla.Crim. 553, 107 P. 937, 941 (Okla.Crim.App.1910); *Hawkins v. Page,* 463 P.2d 994, 995 (Okla.Crim.App. 1970).

■ We conclude that the information was sufficient as a charging instrument under the laws of the State of Oklahoma, that appellant was properly charged under Oklahoma law in the regular course of judicial proceedings, and that the requirements of due process have been met. The errors of the trial court in excluding such evidence are accordingly rendered harmless by our taking judicial notice of the applicable Oklahoma law in effect at the time of the offense alleged for enhancement purposes. *See Granviel v. State,* 552 S.W.2d 107, 122 (Tex.Crim.App.1976).

Appellant's first two points of error are overruled.

---

1. Tex.R.Evid. 202 provides:

A court upon its own motion may, or upon the motion [sic] a party may, take judicial notice of the constitutions, public statutes, rules, regulations, ordinances, court decisions, and common law of every other state, territory, or jurisdiction of the United States. A party requesting that judicial notice be taken of such matter shall furnish the court sufficient information to enable it properly to comply with the request, and shall give all parties such notice, if any, as the court may

deem necessary, to enable all parties fairly to prepare to meet the request. A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking judicial notice and the tenor of the matter noticed. In the absence of prior notification, the request may be made after judicial notice has been taken. Judicial notice of such matters may be taken at any stage of the proceeding. The court's determination shall be subject to review as a ruling on a question of law.

We turn now to appellant's request for relief arising out of the missing transcript of his speedy trial hearing on November 27, 1984, before his trial on the merits. In response to our order of October 24, 1985, granting appellant's pro se request for supplementation of the record (which is also missing from the record), the district clerk of Harris County prepared a supplemental transcript containing, inter alia, an affidavit from the trial court reporter stating that both the transcript and the underlying notes from the speedy trial hearing had been taken from her office and are missing. Appellant then filed a supplemental brief alleging as a third point of error that he had been denied a meaningful appeal because, through no fault of his own, he had been furnished an incomplete statement of facts.

Conceding that a supplemental brief may generally not be used to raise points of error not argued in the original brief, *Zapata v. State*, 646 S.W.2d 260, 263 (Tex. App.—Tyler 1982, no pet.), appellant urges that a different rule should nevertheless apply where the supplemented record evinces a new error not previously made manifest. Appellant sought to have the record supplemented after discovering that the original record did not contain a transcript of the November 1984 speedy trial hearing. At the conclusion thereof, the trial court overruled the motion to dismiss for failure to comply with the Speedy Trial Act.

The record does not reflect whether appellant excepted to the court's ruling, but appellant did not raise the overruling of his speedy trial issue in his motion for new trial, which was overruled on May 6, 1985. When appellant's first appellate counsel filed his brief on February 18, 1986, he raised only the first two points of error discussed earlier. There was no complaint anywhere in the brief concerning the trial court's overruling appellant's motion to dismiss on speedy trial grounds.

▮ Where an appellant is deprived of part of the statement of facts that he diligently requested, through circumstances not his own or his counsel's fault, an appellate court generally cannot affirm the conviction. *Austell v. State*, 638 S.W.2d 888, 890 (Tex.Crim.App.1982). But the appellant must show due diligence in requesting the statement of facts and that failure to have the statement of facts timely filed is not due in any way to negligence on the part of the appellant or his counsel. *See, e.g., Gamble v. State*, 590 S.W.2d 507 (Tex. Crim.App.1979), and cases cited therein.

It is, of course, axiomatic that the appellant has the burden to preserve error and protect and furnish the record. *Deutser v. State*, 659 S.W.2d 39 (Tex.App.—Houston [14th Dist.] 1983, pet. ref'd). The record here reflects that appellant failed to object to the omission of the statement of facts concerning the speedy trial hearing after receiving notice of the completion of the record on June 25, 1985, and prior to the trial court's entry of the order approving it, nor did he object to the record when notified by the clerk on August 20, 1985, of the further completion of the record. The trial court again approved the record on September 12, 1985, "neither (State nor appellant) having filed and presented to the Court in writing any objection within 15 days after the mailing of such notice, and the Court having no objection to the record...."

After we granted, on October 24, 1985, what we presume to be appellant's pro se motion (which is not included in the record) to supplement the record with a transcript of the speedy trial hearing, the district clerk again notified appellant "of the Supplemental completion of the record on appeal in this office." The trial court approved the "Supplemental completion" of the record on March 12, 1986, "neither (party) having filed and presented to the court in writing any objection to the Supplemental Record within five days after the mailing of such notice."

On March 19, 1986, the district clerk notified appellant that the court had approved the Supplemental Record on appeal. Neither at that point nor anywhere else in the record have we found any objection to the record, original or supplemental.

■ Although appellant claims in his supplemental brief that he has sought "several times" to have the record on appeal supplemented with a transcript of the court reporter's notes from the speedy trial hearing, he fails to indicate where in the record support could be established for such claim, nor have we independently been able to find any supporting documents or proof in the record.

Had there been a showing either of diligence in requesting the statement of facts or of harm resulting from its disappearance, we would be more responsive to appellant's complaint, but under the facts of this case, we decline to view the missing transcript of the speedy trial hearing as significant or harmful so as to merit reversal.

■ The procedural vicissitudes of this appeal show no indication that appellant regarded the missing transcript as serious or harmful. Further, appellant's present counsel, with commendable candor, does not here claim that there is merit in the speedy trial issue. Accordingly, we decline to remand pursuant to Tex.Code Crim.P. Ann. art. 40.09, sec. 11 (Vernon Supp.1986), which allows an informal hearing to determine whether an agreed statement of the case and the facts concerning the speedy trial issue may be made for our review.

Appellant's third point of error is overruled.

The judgment of the trial court is affirmed.