Rodney BATES, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–90–00682–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

May 7, 1992.

Rehearing Denied June 4, 1992.

Henry L. Burkholder, III, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and SEARS and ELLIS, JJ.

OPINION

J. CURTISS BROWN, Chief Justice.

Rodney Bates, appellant, was convicted by a jury for the offense of unauthorized use of a motor vehicle. Punishment was enhanced by two prior convictions for attempted burglary of a habitation and theft by receiving. The court assessed punishment at 25 years confinement in the Institutional Division of the Texas Department of Criminal Justice. Notice of appeal was not timely given. After a hearing, the trial court entered timely notice of appeal nunc pro tunc. On appeal, appellant alleges this court has jurisdiction based on his notice of appeal nunc pro tunc, and then raises three substantive points of error. We dismiss the appeal for want of jurisdiction.

In criminal cases, an appeal is timely "perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court ... except, if a motion for new trial is timely filed...." TEX.R.APP.P. 41(b)(1). The "[n]otice of appeal shall be given in writing filed with the clerk of the trial court." TEX.R.APP.P. 40(b)(1).

Appellant was sentenced on February 9, 1990, and he filed no motion for new trial. Therefore, in order to perfect his appeal, appellant must have filed a written notice of appeal within 30 days after February 9. None was filed by that date. The record reflects appellant wrote a letter dated June 1, 1990 to the trial court expressing the belief that his trial attorney had filed a written notice of appeal, and had requested an appellate attorney be appointed. Appellant then filed a written notice of appeal on July 6, 1990, well beyond the 30 day time limit. On July 13, 1990, appellant filed a motion to enter notice of appeal date nunc pro tunc. The trial court held a hearing on the motion on July 13 which was continued until August 2, 1990. At the conclusion of the hearing, the trial court granted the motion, entered the notice of appeal date nunc pro tunc, and the date on appellant's notice of appeal was altered to read February 9, 1990.

 The trial court was without jurisdiction to create a timely written notice of appeal where none was given. Although appellant testified at the hearing that he gave an oral notice of appeal, and signed "two pieces of paper" after sentencing on February 9, 1990, there is nothing in the record to support this assertion. Appellant has the duty to protect the record and bring it forward for this Court's review. *See Deutser v. State*, 659 S.W.2d 39, 40 (Tex.App.—Houston [14th Dist.] 1983, no pet.); TEX.R.APP.P. 50(d), 53(k). The fourth volume of the statement of facts, concerning the punishment phase of trial, was not included in the appellate record for our review.

Appellant's trial attorney testified he had appellant brought back over from the jail to sign papers, and gave written notice of appeal within three days after sentencing. The trial attorney also testified he did nothing further to pursue appellant's appeal because he assumed an appellate attorney would be assigned the case. He was aware, however, that he was still attorney of record until released from the appeal and knew the appellate time tables would be running if written notice of appeal was given. On the other hand, appellant testified he was never brought back over from the jail, and never signed any documents between February 9, 1990 and July 6, 1990. He did not ask the trial court to appoint him an attorney to handle his appeal. He did, however, tell the court he was indigent and could not afford an attorney, but could not recall how he relayed this information to the trial court. The court clerk testified she knew appellant's trial attorney did not give the notice of appeal to her on February 9, 1990 or on any day shortly after sentencing. She stated it might be possible for an attorney to lay a document down in the courtroom and for the document to get mixed up in other papers. Her computer records reflected that no notice of appeal, either oral or written, was filed in this case on February 9, 1990. She kept the court docket sheets and prepared the judgments for the trial court. Neither of these documents reflected that appellant gave either oral or written notice of appeal at any time up until July 6, 1990. If notice of appeal had been given, these records would have reflected such. Finally, the bailiff for the trial court testified that appellant had never been brought back over to the courtroom from confinement. He stated he remembered the trial judge asking appellant if he wanted to appeal and appellant stated "I don't know, no...."

 The term "nunc pro tunc" means "now for then." The trial court may exercise its nunc pro tunc jurisdiction to "make its records speak the truth, i.e., to correct now what the record actually reflects had occurred at some time in the past." *Wilson v. State*, 677 S.W.2d 518, 521 (Tex. Crim.App.1984) (citing BLACK'S LAW DICTIONARY 964 (5th ed.1979)). The trial court record in this case does not reflect that timely written notice of appeal was actually given. The trial court is without authority to create a timely written notice of appeal in the face of its own record. Such a policy would make the TEX.R.APP.P. 40(b)(1) and 41(b)(1) unenforceable.

Without a timely written notice of appeal, this Court has no jurisdiction to entertain appellant's appeal. We dismiss for want of jurisdiction.