Kelvin **WASHINGTON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 01–93–00256–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

July 28, 1994.

Will Gray, Houston, for appellant.

John B. Holmes, Jr., Scott A. Durfee, Harris, for appellee.

Before OLIVER–PARROT, C.J., and HEDGES and HUTSON–DUNN, JJ.

## OPINION

HEDGES, Justice.

A jury convicted appellant, Kelvin Washington, of felony theft of property over $750 and less than $20,000 and found two enhancement paragraphs true. It assessed punishment at 99–years confinement. We affirm.

### Fact Summary

On March 2, 1992, DeWayne Hempleman, a salesclerk at Whitehall Jewelers, opened the store for business. At 10:25 a.m., appellant and another man entered the store. The other man asked Hempleman to show him some rings. Appellant disappeared from Hempleman's sight for a few minutes while Hempleman was showing the rings to appellant's companion. Hempleman saw appellant on his hands and knees under the display cases. Shortly thereafter, appellant summoned his friend, and they exited the store.

Hempleman then saw that a number of bracelets were missing from the display case where appellant had been. He chased appellant and yelled for him to stop. Appellant and his companion began to run, dropping bracelets as they fled. A security officer continued the chase but lost sight of them. The officer reported the license plate number of the car in which they escaped to the police. On March 16, 1992, the police spotted the vehicle, located appellant, and arrested him. Hempleman identified appellant in a lineup, and appellant's palm-print was lifted from the display case.

### Value of Property

In point of error one, appellant objects to the trial court's admission of speculative evidence of fair market value of the alleged stolen jewelry.

The sole defense strategy was to persuade the jury that the State could not prove the value of the stolen merchandise. The indictment alleged appellant unlawfully appropriated property valued between $750 and $20,000. Appellant wanted to exclude the owner's profit on the sale of the merchandise in the computation of value. He argued that the value of stolen property is its fair market value at the time and place of the offense. The trial court granted appellant's motion in limine covering allusion or reference to possible profit from the sale of the stolen jewelry.

Appellant complains about the following testimony from Mr. Goldsmith, his own expert:

Q: [Prosecutor]: Would you explain the fair market value of gold?

. . . .

A: Fair market value of gold is exactly what gold would bring in the marketplace.

Fair market value of gold for actually anyone to sell would be the price of gold on that day.

In this case, I think I have heard the number of 335 numerous times. So, at $335 an ounce, fair market value would be $335 an ounce, and then if it's 14 carat gold, you take 14 parts of that, and that would be fair market value.

Q: In your definition of fair market value, you said that's what the market would bare [sic] for that day as it's quoted?

A: For that particular time. Gold fluctuates throughout the day. But, for jewelry store purposes, they don't pay attention to that a lot of times, they go by cost.

Q: So that fair market value is not the cost you would be buying it; is that correct?

A: No, I would put a little premium to make a profit.

. . . .

Q: Would you agree with me, it's a fair statement to say that if some item that you were selling of gold was stolen from you, and not counting the reimbursement, if that item was stolen, you lost more than just what you paid for it; is that correct?

A: I'm not sure I understand the question.

Q: Have you not lost the anticipated profit you would have received from the sale of it?

A: Anytime you lose something, you would.

 To be admissible, the evidence must be relevant to a contested fact or issue. *Stone v. State,* 574 S.W.2d 85, 89 (Tex.Crim. App.1978). The determination of relevancy depends on whether the evidence that the proponent seeks to admit renders a contested material issue more or less probable. *Johnson v. State,* 698 S.W.2d 154, 160 (Tex. Crim.App.1985), *cert. denied,* 479 U.S. 870, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Nubine v. State,* 721 S.W.2d 430, 432 (Tex.App.— Houston [1st Dist.] 1986, pet. ref'd).

 The admissibility of evidence rests within the sound discretion of the trial judge, *Jackson v. State,* 575 S.W.2d 567, 570 (Tex. Crim.App.1979), and will not be reversed on appeal unless a clear abuse of discretion is shown. *Werner v. State,* 711 S.W.2d 639, 643 (Tex.Crim.App.1986); *Nubine,* 721 S.W.2d at 432.

 We find that Mr. Goldsmith's testimony about fair market value, including the mention of profit, was relevant and properly admitted. "Value" is defined in Tex.Penal Code Ann. § 31.08(a)(1) (Vernon 1989) as the fair market value of the property or service at the time and place of the offense. "Fair market value" is not specifically defined in the penal code. The Court of Criminal Appeals has filled this definitional void:

Methods of proving fair market value have varied from showing retail price or sale price, to admitting testimony of an owner's opinion of value, to a non-owner's, "expert" opinion of value. No one method has ever been held to be exclusive.

*Keeton v. State,* 803 S.W.2d 304, 305 (Tex. Crim.App.1991) (citations omitted). Given this expansive description, the trial court had wide discretion in admitting testimony about the fair market value of the stolen goods. We find that this discretion was not abused. Further, we do not believe that the testimony was too speculative to be admitted.

We overrule point of error one.

**Sufficiency of the Evidence**

In point of error two, appellant contends that the evidence was insufficient to establish both the number of bracelets stolen and their value. The indictment alleges that he unlawfully appropriated ten bracelets valued between $750 and $20,000.

 In a legal sufficiency challenge, we review the evidence to determine whether a trier of fact could rationally find beyond a reasonable doubt the elements of the offense. *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2788–89, 61 L.Ed.2d 560 (1979). The evidence is viewed in the light most favorable to the verdict. This Court may not sit as a thirteenth juror and disregard or reweigh the evidence. *Moreno v. State,* 755 S.W.2d 866, 867 (Tex.Crim.App.1988). If there is evidence that establishes guilt beyond a reasonable doubt, and if the trier of fact believes that evidence, we are not in a position to reverse the judgment on sufficiency of evidence grounds. *Id.*

 Viewing the evidence in the light most favorable to the verdict, the record establishes:

(1) there were 75 to 100 bracelets taken

(2) there were several bracelets that weighed one-half ounce;

(3) an ounce of gold retailed at $335;

(4) some of the displayed bracelets retailed for $500 to $600 each.

The jury could have rationally concluded that appellant stole ten bracelets valued at over $750 and less than $20,000. There was sufficient evidence in the record to support both the jury verdict and the trial court's overruling of appellant's motion for instructed verdict.

We overrule point of error two.

**Rejected Jury Instruction**

In point of error three, appellant complains that the trial court erred in denying his request for the following jury instruction:

You are instructed not to consider as part of fair market value the profit which may have been realized from the sale of the ten bracelets allegedly stolen by Kelvin Washington.

Appellant does not cite any authority for his position.

■■■ When a refused jury charge is substantially the same or is adequately covered by the charge given, there is no harm in the failure to give the refused charge. *Hawkins v. State*, 660 S.W.2d 65, 81–82 (Tex.Crim. App.1983). The omission of a definition must be examined in light of the entire record of the case to determine whether the defendant has been harmed. *See Almanza v. State*, 686 S.W.2d 157 (Tex.Crim.App.1985) (op. on reh'g); TEX.R.APP.P. 81(b)(2).

■■■ Both "retail" price and "sales" price are appropriate measures of fair market value. *Keeton*, 803 S.W.2d at 305. There was competent, relevant evidence in the record that "profit" is an element of fair market value. We conclude that the trial court did not abuse its discretion in refusing appellant's requested charge forbidding the inclusion of profit in the determination of fair market value.

We overrule point of error three.

**Comment on Failure to Testify**

In his fourth point of error, appellant complains that the trial court erred in overruling his motion for a mistrial based on the prosecutor's direct comment on his failure to testify.

The Texas Code of Criminal Procedure specifically prohibits a prosecutor from referring to a defendant's failure to testify. Article 38.08 provides that:

Any defendant in a criminal action shall be permitted to testify in his own behalf therein, but the failure of any defendant to so testify shall not be taken as a circumstance against him, nor shall the same be alluded to or commented on by counsel.

TEX.CODE CRIM.P.ANN. art. 38.08 (Vernon 1979); *see Griffin v. California*, 380 U.S. 609, 615, 85 S.Ct. 1229, 1233, 14 L.Ed.2d 106 (1965); U.S. CONST. amend. V; TEX.CONST. art. I, Sec. 10.

Appellant did not testify at trial. He complains of the following statements during the guilt-innocence phase of his trial:

Now, let's look at the credibility of both of our experts. Well, Mr. Goldsmith has had many years, according to him, in this business, and he traveled nationwide. Well, I asked just two general questions to find out the basis of that, really. And I said, "You've never heard of Whitehall Jewelry out of Chicago which has a store in Baybrook Mall?" He's never heard of a store that's in one of the biggest malls in Houston.

"Well, if you had a trial, who would you call for an expert? 'Oh, I would have somebody. I know ten or fifteen people.' " Could he give me a name? No.

Now, he may know gold and merchandise, but he's no authoritative person to say just because he thinks one way, that's the only way. So, I don't think we have a battle of experts here. And I don't think you ought to reward somebody and—not on a technicality or a loophole, but you've heard evidence that you can reasonably infer to substantiate the allegation of ten bracelets, if you will, with a value range of over $750 and less than $20,000.

Now, that's not rewarding somebody; *somebody who hasn't come to you and said 'I didn't commit this crime.'*

■■■ We agree with appellant that this statement constituted a direct comment on his failure to testify. However, a violation of

article 38.08 does not automatically require reversal. We must determine whether the error was harmless under appellate rule 81(b)(2). *Madden v. State,* 799 S.W.2d 683, 700 (Tex.Crim.App.1990); *Hicks v. State,* 815 S.W.2d 299, 302 (Tex.App.—Houston [1st Dist.] 1991, no pet.); TEX.R.APP.P. 81(b)(2). We look to the totality of the facts and the arguments of the parties. *Montoya v. State,* 744 S.W.2d 15, 38 (Tex.Crim.App.1987). The facts of each case control the issue of harm, and we resolve the issue according to the probable effect the improper statement has on the jury. *Cook v. State,* 702 S.W.2d 597, 601 (Tex.Crim.App.1984).

Appellant never challenged the evidence that he was guilty of theft. His only witness was Alan Goldsmith, a jeweler and appraiser, who testified about the purported value of the stolen jewelry. Appellant's counsel argued to the jury that the State had not established that the jewelry's value exceeded $750; he did not argue that appellant did not take the bracelets. It is imminently clear from the record that the single defensive strategy was to challenge the State's proof of the stolen jewelry's value.

In his closing argument, the prosecutor noted that the controversy was not about the theft itself, but about the value of the stolen property. He observed that appellant argued only that the State had not proved that the value of the property was over $750. Read in that context, the prosecutor's comment does not appear to have been a deliberate attempt to highlight appellant's failure to testify, but rather a summation of appellant's defense. While we cannot condone the prosecutor's statement, we do not believe that it was made in bad faith in an intentional violation of article 38.08. Our examination of the totality of the facts and the argument of counsel persuades us that the prosecutor's statement was harmless and did not contribute to the jury's finding of guilt. *Montoya v. State,* 744 S.W.2d at 40.

We overrule point of error four.

**Newly Discovered Evidence**

In point of error five, appellant complains that the trial court erred in denying his motion for a new trial based on newly discovered evidence. This evidence consisted of inventory and loss records of Whitehall Jewelers relating to the theft of which appellant was found guilty. He argues that had these records been available to him at trial, he would have been able to "extrapolate from them which items had been stolen and which items were recovered."

TEX.R.APP.P. 30(b)(6) provides that "a new trial shall be granted an accused where new evidence favorable to the accused has been discovered since trial." TEX. R.APP.P. 30(b)(6). A new trial should be granted when a defendant shows that

(1) the newly discovered evidence was unknown to the movant at the time of the trial;

(2) the failure to discover the evidence was not due to want of diligence;

(3) the evidence was sufficiently material to bring about a different result in another trial; and

(4) the evidence is admissible and is not merely cumulative, corroborative, collateral, or impeaching.

*Drew v. State,* 743 S.W.2d 207, 226 (Tex. Crim.App.1987), *cert. denied,* —— U.S. ——, 113 S.Ct. 3044, 125 L.Ed.2d 730 (1993); *Tate v. State,* 834 S.W.2d 566, 570 (Tex.App.—Houston [1st Dist.] 1992, pet. ref'd). The granting of a motion for new trial is within the sound discretion of the trial court, whose decision on appeal should not be overturned absent a clear abuse of that discretion. *Jones v. State,* 711 S.W.2d 35, 36 (Tex.Crim. App.1986); *Mandujano v. State,* 799 S.W.2d 318, 321 (Tex.App.—Houston [1st Dist.] 1990, no pet.).

We find that the trial court did not abuse its discretion in overruling appellant's motion for new trial. The materiality of the newly discovered evidence offered as a basis for the motion was not such that a different result would obtain in another trial. Appellant would have had to show that the new evidence was probably true and of such weight as to probably produce a different result at another trial. *Williams v. State,* 504 S.W.2d 477, 482 (Tex.Crim.App.1974). He did not meet this burden because the records represented nothing more than a

corroboration of the State's proof of the theft of ten bracelets valued at $750 or more. Further, appellant's extrapolation of which items were stolen and which were recovered is not relevant to the elements of the theft; recovery does not alter the nature of theft as the unlawful appropriation of property with intent to deprive the owner of that property. *See* TEX.PENAL CODE ANN. § 31.03(a) (Vernon 1989).

We overrule point of error five.

We affirm the judgment of the trial court.