**Eileen BRADY, Appellant,**

v.

**Jane DOE, a pseudonym, Appellee.**

**No. B2307.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

March 19, 1980.

Rehearing Denied April 16, 1980.

Richard W. Schmude, Tomball, Robert E. Hudson, Houston, for appellant.

Jo Ann Doughtie, Matt Horowitz, Houston, for appellee.

Before COULSON, SALAZAR and JUNELL, JJ.

## PER CURIAM.

Eileen Brady, appellant, brought suit, as next friend of the unborn child of Jane Doe, seeking to enjoin Jane Doe, appellee, from having an abortion. At the temporary injunction hearing it was stipulated that Jane Doe was an actual person; she was an adult; she resided in Houston, Harris County, Texas; she was then in approximately her tenth week of pregnancy; and she was contemplating an abortion and would, unless restrained, terminate her pregnancy by means of an abortion.

After a hearing, the trial court denied appellant's application for a temporary injunction and dismissed the cause with prejudice stating that Eileen Brady had no standing to bring the suit and that *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973) was binding upon the court and precluded the relief sought. Brady has perfected this appeal.

■ Tex.R.Civ.P. 44 provides that "[m]inors . . . who have no legal guardian may sue and be represented by 'next friend' . . . ." Eileen Brady sought to bring this suit as next friend of the unborn child of Jane Doe. However, when a suit is instituted by a next friend on behalf of a minor, the minor is the real party in interest. *Safeway Stores, Inc. of Texas v. Rutherford*, 130 Tex. 465, 111 S.W.2d 688 (1938). A minor is, necessarily, a person. The United States Supreme Court has ruled in *Roe v. Wade*, 410 U.S. at 158, 93 S.Ct. at 729, that ". . . the word 'person,' as used in the Fourteenth Amendment, does not include the unborn." Thus, the unborn child of Jane Doe was not a minor. Eileen Brady had no standing under Tex.R.Civ.P. 44 since there was no minor to be the real party in interest. The trial court's dismissal of the cause based on a lack of standing is, therefore, affirmed.

■ Pursuant to the doctrine first enunciated in *Marbury v. Madison*, 5 U.S. (1 Cranch) 137, 2 L.Ed. 60 (1803), the Supreme Court's holding in *Roe v. Wade*, is the law of the land. Thus, prior to the end of the first trimester, the abortion decision must be left to the woman and her physician.

All of appellant's points of error have been considered and are overruled.

Affirmed.