**Paul ERLANDSON, Ben Charleston Huggins, Franklin S. Lee, & Steven Xavior Hawley, Appellants,**

v.

**The STATE of Texas, Appellee.**

Nos. B14–87–323–CR, C14–87–417–CR, C14–87–423–CR and 14–87–424–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 15, 1988.

---

Richard Schmude, Tomball, for appellants.

Kathlyn Giannaula, Houston, for appellee.

Before PRESSLER, DRAUGHN and ELLIS, JJ.

## OPINION

ELLIS, Justice.

This is a trespass case. TEX.PENAL CODE ANN. § 30.05 (Vernon Supp.1988). Appellants Paul Erlandson, Ben Charleston Huggins, Franklin S. Lee and Steven Xavior Hawley firmly believe that abortion is murder. In an attempt to stop the abortion procedures to be performed on December 13, 1986 at a women's clinic located in Harris County, the appellants intentionally trespassed at the clinic. The jury rejected appellants' not guilty pleas and assessed each appellant a one hundred and eighty day jail sentence and a $500 fine. The court probated the sentences on the jury's recommendation. Appellants raise twenty-six points of error in their appeal from their misdemeanor convictions. We affirm.

In their first two points of error, the appellants maintain the trial court erred when it overruled their motions to quash the informations. Points of error twenty-one and twenty-five assign fundamental error based on the informations. Points of error three through eleven and fifteen through nineteen address the justification defenses the appellants attempted to raise at trial: necessity; defense of third persons; and protection of life or health. Appellants claim the trial court erred because it refused to permit jury voir dire, to admit evidence, and to instruct the jury concerning those defenses. In points of error twelve and thirteen, appellants contend the trial court erroneously overruled objections and refused to grant a mistrial. In point of error fourteen, the appellants maintain the trial court permitted and furthered misconduct by the prosecutor during his cross-examination of appellant Hawley. Point of error twenty questions the prosecutor's jury argument and points of error twenty-two and twenty-three address the court's charge. In point of error twenty-four, appellants maintain the trial court should have instructed the jury to find Hawley and Lee not guilty. In their twenty-sixth point of error, the appellants contend the State violated their due process rights by calling a rebuttal witness whose testimony contradicted theirs.

The Metropolitan Gynecological Group ["the clinic"] was on the sixth floor of an office building in Harris County, Texas. Appellants were among several protestors

carrying pro-life signs and pamphlets who arrived in the lobby of the clinic shortly after it opened on December 13, 1986. Edna M. Williams, the clinic's office manager, asked the protestors to leave the lobby but the appellants defied her and walked into the procedures area of the clinic through a door marked "no admittance." Williams paused to instruct a security guard to keep the protestors out of the medical areas and then called the police. The security guard shouted for the appellants to stop, but restrained them physically when they continued walking toward the medical area. He also asked the appellants to leave. When they refused, the security guard ushered them into an examining room and shut the door, but did not lock it. By that time, more protestors had gathered outside the building and in the lobby. Some banged on the door and tried to enter the clinic's administrative office.

Appellants remained in the examining room. When the police arrived, they found appellants Hawley and Lee bound to an examination table with "Superglue" and U-shaped "Kryptonite" locks. After Hawley and Lee told the officers they had no key to the locks, the police used alcohol to dissolve the Superglue and applied jelly to their feet to extricate them from the locks.

In their first point of error, the appellants contend the trial court erred when it overruled their motion to quash because the informations violated TEX.CODE CRIM. PROC.ANN. art. 21.09 (Vernon Supp.1988). We disagree. Article 21.09 states that a description of real property is sufficient if the indictment or information alleges "its general locality in the county, and the name of the owner, occupant or claimant thereof." No one disputes that the clinic is real property. The informations alleged the appellants had entered and remained on the property of Edna M. Williams after receiving notice to depart and therefore sufficiently alleged ownership of the property for purposes of Article 21.09. *See also,* TEX.CODE CRIM.PROC.ANN. art. 21.08

(Vernon Pamph.Supp.1988). However, the informations did not allege the real property's "general locality in the county," as Article 21.09 requires when the charging instrument alleges real estate "qua object of the offense." *See Franks v. State,* 688 S.W.2d 502, 503 (Tex.Crim.App.1985) (en banc).

Since the appellants filed motions to quash the informations, the controlling question on appeal is whether they had adequate notice to prepare their defense. *Opdahl v. State,* 705 S.W.2d 697, 699 (Tex. Crim.App.1986) (en banc), quoting *Adams v. State,* 707 S.W.2d 900, 903 (Tex.Crim. App.1986) (en banc). The first step in answering that question is to decide whether the informations failed to convey a requisite item of notice. *Id.* Assuming, without deciding, that the real estate is the object, rather than the situs, of the offense of criminal trespass, *see Franks,* 688 S.W.2d at 503, the informations did fail to allege the property's general location in Harris County. Accordingly, the dispositive issues are whether the failure to allege the general location in Harris County had an impact on the appellants' ability to prepare a defense, and if it did, how great an impact. *Opdahl,* 705 S.W.2d at 699; *accord, Adams,* 707 S.W.2d at 903 (erroneous denial of a motion to quash is not reversible error absent harm to the accused).

■ The record shows that the appellants suffered no harm by the State's failure to allege the general location in Harris County. Approximately one week before trial, the State filed a motion in limine which the trial court heard on the day immediately prior to trial, along with the appellants' motion to quash. The purpose of the State's motion was to keep the appellants from referring to abortions or the "medical procedures" performed at the clinic. In the motion, the State specifically referred to the clinic as "the Metropolitan Gynecological Clinic." The State thereby cured the alleged defect in the informations and gave sufficient notice of the real prop-

erty involved. We hold that the original failure to allege the general location in the county, if it was required under *Franks,* did not have such an impact on appellants' rights that it hampered their ability to prepare a defense. We overrule the first point of error.

■ In their second point of error, the appellants contend the trial court erred when it overruled their motions to quash the informations because the State failed to allege "what kind of notice was given, who gave such notice, and how it was imparted," which deprived them of knowing "what they would be called upon to defend against," in violation of TEX.CODE CRIM. PROC.ANN. art. 21.11 (Vernon 1966). We disagree. The informations in the instant case tracked Section 30.05 of the Penal Code and charged that each appellant had entered and remained on the property after receiving notice to depart. A charging instrument which uses the same or similar language as the statute proscribing the offense confers jurisdiction on the court and gives adequate notice to the accused. TEX.CODE CRIM.PROC.ANN. art. 21.17 (Vernon 1966); *see Bobo v. State,* 757 S.W.2d 58, 61 (Tex.App.—Houston [14th Dist.] 1988, pet. pending) (rejecting a similar challenge to a charging instrument). Appellants essentially complain that the State omitted additional evidentiary facts it had no obligation to allege. *See Martinez v. State,* 742 S.W.2d 687, 691 (Tex.Crim.App.1987) (en banc); *Moreno v. State,* 721 S.W.2d 295, 300 (Tex. Crim.App.1986) (en banc). Because the informations sufficiently alleged the acts *appellants* committed and were therefore sufficient for purposes of notice and bar, we hold that the trial court properly overruled their motion to quash and overrule the second point of error.

■ In their twenty-fifth point of error, the appellants maintain their informations did not allege offenses under Texas law because the State failed to allege "who gave them notice to depart in relation to the owner of the property." Appellants concede they have waived all but fundamental error by failing to object to the informations on this ground. TEX.CODE CRIM.PROC.ANN. art. 1.14 (Vernon Supp. 1988). This court considered and rejected an identical argument in *Bobo.* 757 S.W.2d at 60–61. We overrule appellants' twenty-fifth point of error.

The twenty-first point of error is a multi-pronged challenge to certain testimony, portions of the prosecutor's closing argument, and the court's charge. Appellants question whether the trial court permitted the jury to convict on a theory not alleged in the informations: failure to depart after *written* notice to depart. The informations alleged only "notice to depart" without specifying the type of notice appellants received.

■ Appellants did not object to testimony that they walked through the door bearing a "no admittance" sign. Therefore, their complaint concerning the testimony presents nothing for review. *Cisneros v. State,* 692 S.W.2d 78, 82 (Tex.Crim. App.1985) (en banc). By failing to object they also waived any possible error in the prosecutor's referring to the sign during closing argument. *Drew v. State,* 743 S.W. 2d 207, 218–21 (Tex.Crim.App.1987) (en banc). Further, appellants have waived all but fundamental error in the court's charge by failing to object to the portion of the charge which, quoting the exact language of TEX.PENAL CODE § 30.05 (b)(2)(A), defined "notice" as "oral or written communication by the owner or someone with apparent authority to act for the owner," *See Gibson v. State,* 726 S.W.2d 129, 133 (Tex. Crim.App.1987) (opinion on motion for rehearing, en banc). Accordingly, to obtain a reversal appellants must establish that the court's charge caused them egregious harm in that it denied them a fair trial. *Id.,* citing *Almanza v. State,* 686 S.W.2d 157, 172 (Tex.Crim.App.1985) (opinion on rehearing, en banc), *cert. denied* 481 U.S. 1019, 107 S.Ct. 1901, 95 L.Ed.2d 507 (1987).

■ We conclude that the court's defining "notice" pursuant to Section 30.-

05(b)(2)(A) of the Penal Code conformed to the unobjected to proof developed at trial and was therefore harmless. We overrule point of error twenty-one.

Points of error three through eleven and fifteen through nineteen address the appellants' attempt to show that certain defenses justified their trespass. Those defenses are necessity, defense of third persons and protection of life and health. TEX.PENAL CODE ANN. §§ 9.22, 9.33 & 9.34(b) (Vernon 1974). Appellants contend the trial court violated their rights under the United States and Texas Constitutions by depriving them of these statutorily defined defenses. While appellants maintain that the court erred by refusing to permit them to voir dire the jury, excluding evidence, and refusing to instruct the jury, their complaint centers on the excluded evidence which they preserved for our review through two bills of exception and two offers of proof.

As we also indicated in *Bobo*, 757 S.W.2d at 62, well-settled principles forbid our ordering a reversal based on excluded evidence unless we conclude that the excluded evidence is relevant and, if it is relevant, that the trial court harmed the appellants by excluding it. *Bird v. State*, 692 S.W.2d 65, 73 (Tex.Crim.App.), *cert. denied*, 475 U.S. 1031, 106 S.Ct. 1238, 89 L.Ed.2d 346 (1986); TEX.R.APP.P. 81 (b)(2). Because determination of the relevancy of proffered evidence is a matter committed to the discretion of the trial court, appellants must establish an abuse of discretion in order to obtain a reversal. *See Johnson v. State*, 698 S.W.2d 154, 160 (Tex.Crim.App.1985) (en banc), *cert. denied*, 479 U.S. 871, 107 S.Ct. 239, 93 L.Ed.2d 164 (1986); *Nubine v. State*, 721 S.W.2d 430, 432 (Tex.App.— Houston [1st Dist.] 1986, pet. ref'd); *Dominguez v. State*, 722 S.W.2d 179, 183 (Tex. App.—Houston [14th Dist.] 1986, no pet.); *see also, Werner v. State*, 711 S.W.2d 639, 643 (Tex.Crim.App.1986) (en banc) (trial court's determination of admissibility of proffered evidence will not be reversed absent showing of clear abuse of discretion).

Relevant evidence is evidence that tends to render a contested material issue more or less probable. TEX.R.CRIM.EVID. 401; *Garza v. State*, 715 S.W.2d 642, 644 (Tex. Crim.App.1986) (en banc); *Johnson*, 698 S.W.2d at 160; *Nubine*, 721 S.W.2d at 434; *accord, Stone v. State*, 574 S.W.2d 85, 89 (Tex.Crim.App.[Panel Op.]1978) (to be admissible, evidence must be relevant to a contested fact or issue).

In the appellants' first bill of exception, the father of a former patient of the clinic testified that he expected his daughter to give birth very soon and that his daughter and he had changed their minds, after talking with the protestors on the day of the trespass, about completing an abortion procedure the clinic had begun the previous day. Appellants made an offer of proof that the daughter would have confirmed her father's testimony. Appellants also offered that Joseph Lucci, M.D., would testify about when and how human life begins, the biological development of the unborn, certain abortion techniques and the effects of those techniques on the unborn. Each of the appellants joined in a bill of exception in which appellant Hawley testified that in his opinion, the danger to the patients and the unborn created an emergency situation which justified the trespass.

A trial court does not err when it excludes evidence if the evidence fails to show that the accused is entitled to a justification defense. *Roy v. State*, 552 S.W.2d 827, 830–31 (Tex.Crim.App.1977), *overruled on other grounds in Johnson v. State*, 650 S.W.2d 414, 416 (Tex.Crim.App.1983) (en banc); *Hoffart v. State*, 686 S.W.2d 259, 264 (Tex.App.—Houston [14th Dist.] 1985, pet.ref'd), *cert. denied*, 479 U.S. 824, 107 S.Ct. 95, 93 L.Ed.2d 46 (1986); *Crabb v. State*, 754 S.W.2d 742, 744 (Tex.App.— Houston [1st Dist.] 1988, no pet. reported); *cf.*, TEX.R.CRIM.EVID. 103(c) (inadmissible evidence is to be kept from the jury). To show they were entitled to the defense of third persons, necessity, or protection of life and health defenses, appellants' bills of exception and offers of proof must demon-

strate that they met all elements of the defense. *See Roy,* 552 S.W.2d at 830–31.

TEX.PENAL CODE ANN. § 9.33 defines the defense of third persons defense. It states that a person is justified in using force or deadly force against another to protect a third person if:

(1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under Section 9.31 or 9.32 of this code in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and

(2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.

■ Appellants focus on the "reasonable belief" element of Section 9.33 and stress their personal convictions that pregnancy terminations threatened the lives of pregnant mothers and their unborn. However, their bills of exception and offers of proof fail to meet two other necessary elements of Section 9.33. Since it is undisputed that the clinic was licensed to perform abortions, nothing in either of the bills suggests *unlawful* force, or *unlawful* deadly force, either in the clinic's performing abortions or the patients' seeking abortions. As an intermediate appellate court we are bound by the precedents set out by the United States Supreme Court set out in *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed. 2d 147 (1973). *See Ex parte Aldridge,* 169 Tex.Cr. 395, 400, 334 S.W.2d 161, 164 (1960); *Brady v. Doe,* 598 S.W.2d 338, 339 (Tex.Civ.App.—Houston [14th Dist.] 1980) (per curiam), *cert. denied,* 449 U.S. 1081, 101 S.Ct. 864, 66 L.Ed.2d 805 (1981); *Bobo,* 757 S.W.2d at 62. These cases preclude appellants' use of the third person protection defense in this case no matter how dedicated and sincere their motives. There is no showing that appellants could "protect" the unborn from purported harm from either the clinic staff, or their own mothers, within the meaning of Section 9.33.

· The necessity defense, codified at TEX.PENAL CODE ANN. § 9.22, requires a showing that:

(1) the actor reasonably believes the conduct is *immediately necessary to avoid imminent harm;*

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing [sic] the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear.

■ We conclude the evidence which appellants developed in their offers of proof and bills of exception fails to show they were entitled to the necessity defense. As we have noted, it is undisputed that the clinic was a facility licensed to perform abortions. Nothing in appellants' bills of exception tends to show that the clinic's staff or its patrons were acting other than within the constitutionally recognized principles which permit abortion. *See Bobo,* 757 S.W.2d at 63; *Brady,* 598 S.W.2d at 339. Accordingly, appellants' personal beliefs will not constitutionally suffice to outweigh the present status of the law. *See Schermbeck v. State,* 690 S.W.2d 315, 317–18 (Tex.App.—Dallas, 1985, no pet.). Under the circumstances, we therefore hold that appellants' bills of exceptions and offers of proof do not satisfy subsections (1) or (2) of Section 9.22.

■ The protection of life or health defense, TEX.PENAL CODE ANN. § 9.34(b), can justify a person's using force or deadly force against another person "when and to the degree he reasonably believes the force or deadly force is immediately necessary to preserve [that person]'s life in an emergency." By the express language of the statute, the defense applies only when the defendant has used force. Nothing in the proffered evidence or the record suggests that the appellants used force.

Notwithstanding the appellants' firm and sincerely held beliefs, the dispositive issue

in the instant case is simply whether they committed a trespass at the clinic. Yet nothing in their proffered evidence tends to make the State's trespass allegations less probable. *See* TEX.R.CRIM.EVID. 401. Accordingly, the excluded evidence was irrelevant and did not give rise to fact issues of whether Sections 9.22, 9.33 or 9.34 justified the trespass. *Id.; Johnson,* 698 S.W.2d at 160; *Hoffart,* 686 S.W.2d at 263. We therefore hold that the trial court did not abuse its discretion when it excluded the evidence developed in their bills of exception and offers of proof. Since the relevancy of excluded evidence is the threshold issue in our analysis of appellants' excluded evidence points of error, we need not decide whether the exclusion harmed the appellants. *Bird,* 692 S.W.2d at 73. We overrule points of error eight through eleven.

■ In points of error four through seven, appellants contend the trial court violated due process and deprived them of a fair trial when it granted the State's motions in limine "without hearing evidence or having any offer of proof made." Appellants essentially claim that the trial court erroneously predetermined that their claimed defenses did not apply to their trespass case. As we indicated in *Bobo,* 757 S.W.2d at 61, because a trial court's limine rulings are always subject to reconsideration, the court did not categorically exclude evidence simply by granting the State's motions in limine. *Norman v. State,* 523 S.W.2d 669, 671 (Tex.Crim.App.), *cert denied,* 423 U.S. 930, 96 S.Ct. 280, 46 L.Ed.2d 259 (1975); *accord, Romo v. State,* 577 S.W.2d 251, 252 (Tex.Crim.App. [Panel Op.] 1979) (mere granting of a motion in limine cannot constitute reversible error). What is controlling is whether the record of proffered evidence shows that the court *ultimately* acted properly in excluding that evidence. *Norman,* 523 S.W.2d at 671. As our review of appellants' eighth through eleventh points of error demonstrates, the trial court properly excluded the evidence they developed through bills

of exception and offers of proof. Accordingly, we find no error in the courts granting the State's motion in limine. We overrule points of error four through seven.

■ In their third point of error, appellants maintain the trial court infringed on their constitutional right to counsel under the Texas Constitution and violated TEX. CODE CRIM.PROC.ANN art. 35.16(c)(2) (Vernon 1966) when it ruled, prior to trial, that it would not permit voir dire concerning the appellants' claimed justification defenses. Article 35.16(c)(2) provides for a challenge for cause if a juror is biased or prejudiced concerning a defense on which the accused will rely. However, as appellants concede, the defense must be "applicable to the case." *Cf., Santana v. State,* 714 S.W.2d 1, 10 (Tex.Crim.App.1986) (en banc) (because the evidence at trial did not raise the issue of a claimed lesser included offense, trial court's limiting voir dire did not mandate reversal). As our previous discussion indicates, the appellants' claimed defenses do not apply to their trespass case under existing law. Accordingly, we find no error in the trial court's limiting voir dire to exclude references to the defense of third person, necessity and protection of life and health defenses. We overrule the third point of error.

We further hold that because the evidence, including the evidence developed in appellants' bills of exception and offers of proof, did not raise any of the three defensive theories appellants proposed. The trial court properly refused to charge the jury on the defense of third person, necessity and protection of life and health defenses. *Sanders v. State,* 707 S.W.2d 78, 80 (Tex. Crim.App.1986) (en banc); *Brooks v. State,* 642 S.W.2d 791, 799 (Tex.Crim.App. [Panel Op.] 1982). We overrule points of error fifteen through nineteen.

In their twelfth, thirteenth and fourteenth points of error, the appellants contend reversible error resulted from the State's cross examination of appellants Hawley and Huggins. Points of error twelve and thirteen addresses the State's

attempt to impeach appellants Hawley and Huggins with statements they made to a probation officer who prepared pre-sentence investigation reports ["PSI's"] before they withdrew their no contest pleas.

During direct examination, Hawley testified that he had "attached" himself to the examination table. During cross examination the prosecutor asked Hawley when he actually decided to stay in the examination room. Hawley equivocated, stating that he decided to "delay" the time he "remained" in the room and attempted to explain his response. The prosecutor attempted to impeach his testimony with the following contradictory statement: "Three others who had been among the first in were also brought to the room. *At this point we decided to stay in this room as long as we could* to try to convince them to stop the murdering (emphasis added)." Appellants had previously objected, outside the jury's presence, to any use of Hawley's statement and the trial court indicated it would permit use of the statement to show a prior inconsistent statement.

■ If the State improperly used Hawley's prior statement, we conclude there is no reasonable possibility that the State's reference to the statement might have contributed to the appellants' conviction or punishment. *See* Tex.R.App.P. 81(b)(2); *Smith v. State*, 744 S.W.2d 86, 94 (Tex. Crim.App.1987) (en banc). Because Hawley admitted he attached himself to the table by means of "Superglue" and a lock to which he also admitted he had no key, his decision to stay before the police arrived was, by his own testimony, "obvious to all." We therefore hold that the trial court properly overruled the appellants' objection to the State's reference to Hawley's prior statement and that error, if any, made no contribution to appellants' conviction or punishment. Tex.R.App.P. 81(b)(2). We further hold that if the reference to Hawley's statement was error, an average jury would not have found the State's case significantly less persuasive without it. *Schneble v. Florida*, 405 U.S. 427, 92 S.Ct.

1056, 31 L.Ed.2d 340 (1972). Accordingly, we overrule the twelfth point of error.

■ Although the trial court sustained the appellants' objections and instructed the jury to disregard the State's attempt to impeach appellant Huggins through his PSI report, they claim, in their fourteenth point of error, that the trial court erred when it refused to grant a mistrial. We conclude that if the State improperly questioned Huggins, the trial court cured any possible error as to Huggins and all the appellants when it instructed the jury to disregard the prosecutor's question. *Guzmon v. State*, 697 S.W.2d 404, 409 (Tex. Crim.App.) (en banc), *cert. denied*, 475 U.S. 1090, 106 S.Ct. 1479, 89 L.Ed.2d 734 (1986); Tex.R.App.P. 81(b)(2). Since the record does not support the conclusion that the prosecutor questioned Huggins in order to inflame the jury, or that the alleged error caused irreparable damage to him or the other appellants, we overrule the thirteenth point of error. *Id.*

■ In their fourteenth point of error, the appellants maintain the trial court permitted and furthered cross examination questioning of appellant Hawley, which they claim amounted to prosecutorial misconduct that prejudiced him and all the appellants. On reviewing the entirety of Hawley's testimony, the prosecutor's questions, those objections the appellants did make and the trial court's remarks, we conclude that the trial court properly exercised its role pursuant to Tex.R.Evid. 610. We overrule the fourteenth point of error.

■ In their twentieth point of error, the appellants maintain the trial court erred because it overruled their objection to a portion of the prosecutor's closing argument. The prosecutor analogized the appellants' agreeing to leave "if you stop the killing" to a person's entering another's home, locking himself to the kitchen table and promising to leave "if you fix me dinner." When the appellants objected "on the grounds of inflammatory [sic]," the trial court stated "Overruled, final argu-

ment." In our opinion, while the analogy may fall short in its application to this case, the court properly overruled the appellants' objection because the prosecutor's argument was a reasonable deduction from the evidence, one of four permissible areas of jury argument. *See Modden v. State*, 721 S.W.2d 859, 861 (Tex.Crim.App.1986) (en banc), *cert. denied*, —— U.S. ——, 108 S.Ct. 1603, 99 L.Ed.2d 917 (1988). Even if the remark was improper and arguably inappropriate, we conclude it did not amount to reversible error. Based on its probable effect on the mind of an average juror: 1) it was not manifestly improper, harmful, or prejudicial; 2) it did not violate a statute; and 3) it did not inject new or harmful facts into the case. *Everett v. State*, 707 S.W.2d 638, 640 (Tex.Crim.App.1986) (en banc). Jurors are quite capable of sifting through such hyberbolic tactics. We overrule the twentieth point of error.

In their twenty-second and twenty-third points of error, the appellants maintain the trial court committed reversible error because it refused the following jury instruction:

> This is a joint trial involving four Defendants. That is to say, four Defendants in four separate informations are being tried in a single trial. You are instructed that guilt or innocence must be determined as to each Defendant on an individual basis. In doing so, you are instructed that evidence applicable only to one, two or three Defendants shall not be used for or against a Defendant or Defendants for whom such evidence is not applicable.

The record also shows that the trial court prefaced its reading of each of the four charges, as follows:

> You are sitting on a jury which is trying four different cases at the same time. You will have a charge on each case. The law that applies to that particular case, and each particular [sic], you should give your independent consideration based upon the charges for the particular case and the facts that were adduced that relate to that particular case.

I will read the charges to you in the order in which they were docketed. And the order in which I read the charges is not intended to any other meaning whatsoever.

We hold that the trial court did not err by refusing the appellants' requested instruction because its oral instructions essentially duplicated the substance of the instruction it refused. *Philen v. State*, 683 S.W.2d 440, 445 (Tex.Crim.App.1984) (en banc). Consequently, the appellants have failed to show harm. We overrule their twenty-second and twenty-third points of error.

The twenty-fourth point of error raises two complaints. First, appellants contend the trial court erred when it refused to render an instructed verdict in favor of Hawley and Lee at the close of the State's case. Because Hawley and Lee joined the remaining appellants' defense after moving for an instructed verdict, they waived any possible error in the denial of the motion. *Kuykendall v. State*, 609 S.W.2d 791, 794 (Tex.Crim.App. [Panel Op.] 1980); *Bobo*, 757 S.W.2d at 65.

Appellants' second complaint, that the trial court erred by "rendering [j]udgments of [c]onviction" against Hawley and Lee, is simply a challenge to the sufficiency of the evidence to support the jury's verdict. Accordingly, the dispositive question is whether, after reviewing the evidence in the light most favorable to the verdict, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 278, 61 L.Ed.2d 560 (1979); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex.Crim.App.1986) (en banc). Focusing on Hawley's and Lee's voluntarily attaching themselves to the examination table and what they perceived to be the threatening presence of the security guard, the appellants essentially argue that the clinic administrator ineffectively notified them to leave before they could actually leave. We disagree. The record shows that both Williams and the security guard asked the appellants to leave the clinic *before* they entered the examining room where Hawley and Lee *later* voluntarily attached them-

selves to the examining table. Although the appellants denied receiving or hearing such notice, the jury properly reconciled the differing versions of the incident. TEX. CODE CRIM.PROC.ANN. art. 38.04 (Vernon 1979); *Losada v. State*, 721 S.W.2d 305, 309 (Tex.Crim.App.1986) (en banc). We hold there was sufficient evidence from which a rational trier of fact could have concluded beyond a reasonable doubt that the appellants received the notice to depart required under Section 30.05 of the Penal Code. We overrule appellants' twenty-fourth point of error.

■ In their twenty-sixth point of error, the appellants maintain the State improperly called the security guard as a rebuttal witness "because it should have known" that he testified falsely during its case in chief. Appellants base their contentions on what they claim are irreconcilable conflicts between the security guard's version of his conduct and statements and their version. Because the jury properly exercised its role in evaluating the differing versions of the incident, *see* TEX.CODE CRIM.PROC.ANN. art. 38.04, and because there is nothing to show or suggest that the State knew the security guard testified falsely, we overrule the twenty-sixth point of error.

We affirm the judgment of the trial court.