**PAINEWEBBER INC., Plaintiff,**

v.

**ACSTAR INSURANCE COMPANY, Defendant and Third–Party Plaintiff,**

v.

**Steven L. Aaron, et al., Third–Party Defendants.**

No. 00 Civ. 6146(RCC)(RLE).

United States District Court, S.D. New York.

Nov. 27, 2002.

Brian F. McDonough, Drinker, Biddle & Reath, LLP, New York City, for Paine-Webber, Inc.

Mark G. Ledwin, Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, White Plains, NY, for Acstar Ins. Co.

Lisa Roxanne Rosenthal, Hoffman, Pollok & Pickholz, LLP, New York City, for Steven L. Aaron.

Scott H. Greenfield, Meyer & Greenfield, New York City, for Stephen M. Fell.

## OPINION & ORDER

ELLIS, United States Magistrate Judge.

## I. INTRODUCTION

On September 9, 2002, defendant Acstar Insurance Company ("Acstar") filed a motion against nonparties Sawhorse Lumber & More, Inc. ("Sawhorse") and Never More Now Corporation ("Never More Now") to hold them in contempt for each party's failure to comply with respective subpoenas. Acstar argues that because Sawhorse and Never More Now willfully failed to comply with the subpoenas, and with a June 24, 2002 order of this Court, they should be held in contempt and fined or sanctioned under Rules 37 and 45(e) of the Federal Rules of Civil Procedure. For the reasons which follow, Sawhorse and Never More Now are held to be in civil contempt pursuant to Rule 45(e) of the Federal Rules of Civil Procedure and must each pay $790.

## II. BACKGROUND

On April 24, 2002, a subpoena was issued by the district court requiring Never More Now to appear for a deposition on May 20, 2002, and to produce documents on May 15, 2002. The subpoena was served at Never More Now's office address on May 3, 2002, and Acstar tendered the fees for one day's attendance and mileage. Never More Now failed to appear and to produce the requested documents.

On May 6, 2002, Acstar obtained a subpoena requiring Sawhorse to attend a deposition on May 26, 2002, and to produce documents at the time of the deposition. The subpoena was served on May 8, 2002, and on May 15, 2002, at the office address designated by Sawhorse with the New York Secretary of State, and Acstar tendered fees to Sawhorse for one day's attendance and mileage. Acstar attended at the time and place fixed for the deposition and document production, but Sawhorse failed to appear.

This Court entered an order on June 24, 2002, requiring Sawhorse and Never More Now to comply with the subpoenas, and specifically for Sawhorse to produce a witness under Rule 30(b)(6) and Never More Now to produce its president, David Slutsky ("Slutzky"), as a witness by July 8, 2002. Acstar submitted documentation that it sent a copy of the Court's order to both parties on June 28, 2002, by UPS delivery confirmed on July 1, 2002. Sawhorse and Never More Now again failed to comply with the subpoenas, and on July 12, 2002, Acstar made a letter application for permission to bring this motion. Acstar claims that belated offers of Sawhorse and Never More Now to comply with the subpoenas cannot cure the prejudice that has been caused, given that summary judgment motions have been fully briefed.

Never More Now's response in opposition to the motion consisted only of an affidavit by Slutzky stating that Never More Now is a holding company that does not conduct business on a daily basis. He alleges that he was out of the country on business at the time he was advised of the service of the subpoena. He further states that he returned to his place of business in late June 2002 and "found the subpoena in the unopened mail." (Affidavit in Opposition to Motion to Hold Sawhorse and Never More Now in Contempt of Court, ¶ 3). Slutzky states he "was advised that this matter was being handled by [the] attorneys [of Steven Aaron, a third-party defendant in this action] and that they would be in touch ..." *Id.* Slutzky alleges he heard nothing further until he received the motion for contempt, and that he did not willfully ignore it.

Sawhorse submitted an affidavit of its president, Stephen M. Fell ("Fell"), in opposition to the motion, claiming that service was not effectuated upon Sawhorse, despite

the affidavit of service produced by Acstar. However, Fell admits that Sawhorse received a copy of the subpoena in the mail. He claims that he turned it over to the attorneys for third-party defendants, and believed they were handling the matter. Fell asserts that Sawhorse's failure to comply with the subpoena was not willful.

## III. DISCUSSION

 "The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45(f)[, now Rule 45(e) ]." [1] *Application of Sumar,* 123 F.R.D. 467, 473 (S.D.N.Y.1988). According to Rule 45(e), "[f]ailure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued." Fed.R.Civ.P. 45(e). The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena. *Diamond v. Simon,* 1994 WL 10622, at *1 (S.D.N.Y. Jan.10, 1994); *Daval Steel Products v. M/V Fakredine,* 951 F.2d 1357, 1364 (2d Cir.1991). Here, there is no doubt that Sawhorse and Never More Now did not comply with the subpoenas by failing to appear for scheduled depositions and to produce documents. Both parties admit that they received notice of the subpoenas, despite making contentions about ineffective service and out-of-town travel. The only excuse offered by the parties is that they believed attorneys for the third-party defendants were addressing the matter. However, the Court fails to see why the parties believed the matter was being handled by third-party defendants' attorneys after the Court's order of June 24, 2002, stating that the parties had not complied with the subpoenas and requiring them to do so. Neither party raised objections to the subpoenas at any time. Both parties were aware of the request for production of documents, and they have failed to make the documents available. Furthermore, Sawhorse and Never More Now did not raise any opposition to Acstar's letter application for permission to bring this motion. Only upon being served with the motion did Sawhorse and Never More Now respond. Their affidavits cannot be said to adequately explain their blatant disregard for the subpoenas and the Court's order. At this late hour, with summary judgment motions fully submitted in this action, Sawhorse and Never More Now have finally agreed to be available for depositions. However, the Court finds this to be an insufficient remedy for their past noncompliance.

 Where a party fails to object to a subpoena and also fails to comply, "it may be held in contempt, pursuant to Rule 45[(e)], and sanctions may therefore be imposed." *Sumar,* 123 F.R.D. at 473. The noncompliance of Sawhorse and Never More Now demonstrates disregard for the judicial process. The Court hereby finds that both parties should be held in civil contempt and that each party pay $790, which includes a sanction of $750 plus $40 for the attendance fees tendered by Acstar.

---

**1.** Rule 45 was amended in 1991, and most of the language of subdivision (f) was incorporated into subdivision (e).