**HUNTER TBA, INC., Plaintiff,**

v.

**TRIPLE V SALES, Defendant.**

**No. 99 CV 2643(ILG)(CLP).**

United States District Court,
E.D. New York.

April 18, 2008.

Mark G. Ledwin, Wilson, Elser, Moskowitz, Edleman & Dicker, LLP, White Plains, NY, for Plaintiff.

Jerry I. Lefkowitz, Lake Success, NY, for Defendant.

## ORDER

GLASSER, District Judge.

A Report and Recommendation of Magistrate Judge Pollak, dated March 27, 2008, recommending that an Order of Contempt be issued against defendant Stuart Agtsteribbe, for his failure to respond to the subpoena and for his failure to appear at the January 17, 2008 hearing. Any objections were to be made within ten days of receipt of the Report, and that failure to do so waives a right to appeal. As of this date, no objection has been filed.

The Report and Recommendation, which thoroughly reviewed the facts and the controlling authorities is, after due consideration, hereby adopted in its entirety. Accordingly, it is hereby ordered that an Order of Contempt be issued against defendant Stuart Agtsteribbe.

SO ORDERED.

## *REPORT AND RECOMMENDATION*

CHERYL L. POLLAK, United States Magistrate Judge.

On May 10, 1999, plaintiff Hunter TBA, Inc. ("Hunter") filed this action against defendant Triple V Sales ("Triple V") seeking payment for goods sold and delivered between October 25, 1997 and November 9, 1998 in the amount of $431,091.06, together with interest. (Compl.[1] ¶¶ 6–7, 12). By letter dated March 6, 2000, defendant Triple V indicated that it was abandoning its defense of this action. Accordingly, plaintiff moved for a default judgment against defendant and on May 2, 2000, the district court entered a default judgment in the amount of $460,852.26.

---

**1.** Citations to "Compl." refer to plaintiff's Com-    plaint, filed May 10, 1999.

On or about February 15, 2007, plaintiff obtained new counsel, who served a subpoena duces tecum upon defendant's principal, Stuart Agtsteribbe,[2] on July 2, 2007. (Slotnik Decl.[3] ¶ 4, Ex. 6). The subpoena was intended to obtain all relevant records and testimony pertaining to defendant's financial affairs in an effort to satisfy the previously entered judgment. (*Id.* ¶ 4, Ex. 6). When Mr. Agtsteribbe failed to respond to the subpoena, his default was noted on the record. (*Id.* ¶ 6, Ex. 7). Plaintiff explains its delay in seeking recovery by noting that until recently, plaintiff was unable to locate Mr. Agtsteribbe. (Tomaz Aff.[4] ¶ 18). However, having recently located him, plaintiff's new owner filed a motion on December 3, 2007, seeking an Order of Contempt based on Mr. Agtsteribbe's failure to comply with the subpoena.

By Order dated December 11, 2007, the motion for contempt was referred to the undersigned. This Court thereafter issued an Order to Show Cause, dated December 13, 2007, ordering Mr. Agtsteribbe to appear before this Court at a hearing scheduled for January 17, 2008 to show cause why the relief requested by plaintiff should not be granted and an Order of contempt issue. Mr. Agtsteribbe failed to appear at the hearing as scheduled, and has not contacted the Court or responded in any way to the Court's Order.

Accordingly, the Court certifies the following facts and respectfully recommends that an Order of Contempt issue.

## DISCUSSION

### A. *Contempt Power Under Rule 45*

Under Rule 45 of the Federal Rules of Civil Procedure, "[t]he issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena." Fed.R.Civ.P. 45(e). Rule 45 grants the court the power to hold a party in contempt "simply on the basis of failure to comply with a subpoena." *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y.2002) (citing *Diamond v. Simon*, No. 89 CV 7061, 1994 WL 10622, at *1 (S.D.N.Y. Jan.10, 1994); *Daval Steel Prods. v. M/V Fakredine*, 951 F.2d 1357, 1364 (2d Cir.1991)). The *PaineWebber* court, faced with the failure of non-parties to appear for scheduled depositions and to produce documents, considered the excuses proffered by the non-parties and the fact that they had raised no objections to the subpoenas in finding them in contempt. *Id.* (finding non-parties' excuse that they thought defendants' attorneys were handling the matter implausible in light of court's order).

In this case, there is no doubt that Mr. Agtsteribbe failed to appear at his deposition and failed to produce documents. Furthermore, he has not objected to the subpoena or provided an excuse for his noncompliance—indeed, he has not communicated with plaintiff or the Court at all. Although there is caselaw supporting a magistrate judge's authority to hold a party in contempt under Rule 45 without certifying to the district court, *see id.*, the Court proceeds to analyze plaintiff's motion under the Federal Magistrate's Act because not only did Mr. Agtsteribbe fail to obey the subpoena, but he also failed to appear at the January 17, 2008 conference, in contravention of this Court's Order.

### B. *Magistrate Judge's Authority*

Under the Federal Magistrates Act, 28 U.S.C. § 636(e), federal magistrate judges are authorized to exercise contempt authority

---

2. The Court notes that Mr. Agtsteribbe's name is spelled at least three different ways in the various documents submitted in support of plaintiff s motion. The Court uses the spelling that appears in the subpoena and that the Court, through independent research, has confirmed to be the correct spelling.

3. Citations to "Slotnik Decl." refer to the Declaration of Gerald Slotnik, Esq. in Support of Motion for Contempt, dated November 23, 2007.

4. Citations to "Tomaz Aff." refer to the Affidavit of Ryan Tomaz, Operation Manager of Hunter, in Support of Motion for Contempt, dated October 30, 2007.

in certain limited circumstances. These include summary criminal contempt authority, which may be imposed by the magistrate judge for misbehavior "in the magistrate judge's presence so as to obstruct the administration of justice," 28 U.S.C. § 636(e)(2), as well as criminal contempt and civil contempt authority in misdemeanor cases and cases where the magistrate judge presides with the consent of the parties. 28 U.S.C. §§ 636(e)(3), (4). In all other instances where a person has committed an act constituting a contempt in a proceeding before the magistrate judge, the Act sets forth a certification procedure whereby:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified. The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B)(iii).

Under the certification process, the magistrate judge may conduct a hearing, *see, e.g.*, *Church v. Steller*, 35 F.Supp.2d 215, 217 (N.D.N.Y.1999); *British Int'l Ins. Co. v. Seguros La Republica, S.A.*, No. 90 CV 2370, 2001 WL 958975, at *7 (S.D.N.Y. Aug. 22, 2001), but the magistrate judge "functions only to 'certify the facts'" and not to issue an order of contempt. *Church v. Steller*, 35 F.Supp.2d at 217 (citing *Litton Sys., Inc. v. AT & T*, 700 F.2d 785, 827 (2d Cir.1983) *cert. denied*, 464 U.S. 1073, 104 S.Ct. 984, 79 L.Ed.2d 220 (1984)); *see also Stein Indus., Inc. v. Jarco Indus., Inc.*, 33 F.Supp.2d 163, 165–66 (E.D.N.Y.1999); *Gomez v. Scoma's, Inc.*, No. C–94–4452, 1996 WL 723082, at *3 (N.D.Cal.1996) (holding that a magistrate judge's duty "is simply to investigate wheth-er further contempt proceedings are warranted, not to issue a contempt order"). In certifying the facts under Section 636(e), the magistrate judge's role is "to determine whether the moving party can adduce sufficient evidence to establish a prima facie case of contempt." *Church v. Steller*, 35 F.Supp.2d at 217 (citing *Proctor v. State Gov't of N.C.*, 830 F.2d 514, 521 (4th Cir. 1987)).

The district court, upon certification of the facts supporting a finding of contempt, is then required to conduct a de novo hearing at which issues of fact and credibility determinations are to be made. *See Taberer v. Armstrong World Indus., Inc.*, 954 F.2d 888, 907–08 (3d Cir.1992) (holding that it was error for the district court not to conduct a de novo hearing after the magistrate judge issued a certification of contempt). Where, however, the magistrate judge declines to certify the conduct to the district court for a determination of contempt, the "district court may not proceed further on a motion for contempt where the conduct at issue occurred before a magistrate judge." *Church v. Steller*, 35 F.Supp.2d at 217 (citing *In re Nova Biomedical Corp. v. i-STAT Corp.*, 182 F.R.D. 419, 423–24 (S.D.N.Y.1998)); *see also In re Kitterman*, 696 F.Supp. 1366, 1370 (D.Nev.1988) (noting that magistrate's decision not to certify to district court "dispos[es] of the matter").

## C. *Standards for Contempt*

It is well established that "'[t]he power to punish for contempt is inherent in all courts.'" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (quoting *Ex parte Robinson*, 19 Wall. 505, 510, 22 L.Ed. 205 (1873)); *see also People v. Terry*, 45 F.3d 17, 23 (2d Cir.1995). The underlying concern is "'disobedience to the orders of the [j]udiciary,'" not "'merely the disruption of court proceedings.'" *Chambers v. NASCO, Inc.*, 501 U.S. at 44, 111 S.Ct. 2123 (quoting *Young v. United States*, 481 U.S. 787, 798, 107 S.Ct. 2124, 95 L.Ed.2d 740 (1987)); *see also People v. Terry*, 45 F.3d at 23 (noting that the power of

contempt is " 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases' ") (quoting *Chambers v. NAS-CO, Inc.,* 501 U.S. at 43, 111 S.Ct. 2123 (internal quotations omitted)); *United States v. D–M Sales Corp.,* 903 F.Supp. 431, 433 (E.D.N.Y.1995). Thus, an individual who fails to obey a valid order of the court may be subject to both civil and criminal penalties for his actions. *See United States v. Petito,* 671 F.2d 68, 72 (2d Cir.) (citing *Yates v. United States,* 355 U.S. 66, 74, 78 S.Ct. 128, 2 L.Ed.2d 95 (1957)), *cert. denied,* 459 U.S. 824, 103 S.Ct. 56, 74 L.Ed.2d 60 (1982). The primary difference between orders of civil and criminal contempt is their purpose. Criminal contempt is used to punish the contemnor or vindicate the court's authority; civil contempt seeks to coerce the contemnor into compliance with the court's order or to compensate the complaining party for losses incurred as a result of the contemnor's conduct. *See Hess v. New Jersey Transit Rail Operations, Inc.,* 846 F.2d 114, 115 (2d Cir. 1988); *In re Grand Jury Witness,* 835 F.2d 437, 440–41 (2d Cir.1987), *cert. denied,* 485 U.S. 1039, 108 S.Ct. 1602, 99 L.Ed.2d 917 (1988); *In re Weiss,* 703 F.2d 653, 661 (2d Cir.1983); *New York State Nat'l Org. for Women v. Terry,* 697 F.Supp. 1324, 1329 (S.D.N.Y.1988).

An order of civil contempt may issue pursuant to Title 18, United States Code, Section 401, which authorizes a federal court to punish "by fine or imprisonment, or both, at its discretion" any contempt of the court's authority, such as "[m]isbehavior of any person in [the court's] presence or so near thereto as to obstruct the administration of justice" or "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command." 18 U.S.C. § 401 (2002). The court also "has the inherent power to hold a party in civil contempt in order 'to enforce compliance with an order of the court or to compensate for losses or damages.' " *Powell*

*v. Ward,* 643 F.2d 924, 931 (2d Cir.) (quoting *McComb v. Jacksonville Paper Co.,* 336 U.S. 187, 191, 69 S.Ct. 497, 93 L.Ed. 599 (1949)). *cert. denied,* 454 U.S. 832, 102 S.Ct. 131, 70 L.Ed.2d 111 (1981): *see also Vuitton et Fils S.A. v. Carousel Handbags,* 592 F.2d 126, 130 (2d Cir.1979); *United States v. D–M Sales Corp.,* 903 F.Supp. at 433; *New York State Nat'l Org. For Women v. Terry,* 697 F.Supp. at 1329.

■ There are three essential elements which must be established before a party can be held in civil contempt: 1) there must be an order that is "clear and unambiguous," *Powell v. Ward,* 643 F.2d at 931 (citing *International Longshoremen's Ass'n v. Philadelphia Marine Trade Ass'n,* 389 U.S. 64, 75–76, 88 S.Ct. 201, 19 L.Ed.2d 236 (1967)); 2) the proof of non-compliance with that order must be " 'clear and convincing,' " *id.* (quoting *NLRB v. Local 282,* 428 F.2d 994, 1001–02 (2d Cir.1970)); and 3) it must be shown that the contemnor has not " 'been reasonably diligent and energetic in attempting to accomplish what was ordered.' " *Id.* (quoting *Aspira of New York, Inc. v. Bd. of Educ.,* 423 F.Supp. 647, 654 (S.D.N.Y.1976)). *See also King v. Allied Vision, Ltd.,* 65 F.3d 1051, 1058 (2d Cir.1995) (holding that "[a] contempt order is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict"); *United States v. D–M Sales Corp.,* 903 F.Supp. at 433.[5] The court's order must leave " 'no uncertainty in the minds of those to whom it is addressed,' " and one " 'must be able to ascertain from the four corners of the order precisely what acts are forbidden.' " *King v. Allied Vision, Ltd.,* 65 F.3d at 1058 (citations omitted).

### D. *Certified Facts*

The Court hereby certifies that the plaintiff has set forth a prima facie case for contempt based on the following facts:

---

**5.** Since the order sought here is one for civil and not criminal contempt, there is no requirement that the court find willfulness on the part of the contemnor. *See Canterbury Belts Ltd. v. Lane Walker Rudkin, Ltd.,* 869 F.2d 34, 39 (2d Cir. 1989).

1) On May 2, 2000, the district court entered judgment in favor of plaintiff in the amount of $460,852.26 plus post-judgment interest.

2) On July 2, 2007, plaintiff served a subpoena duces tecum on Stuart Agtsteribbe in aid of collecting the judgment, requiring Mr. Agtsteribbe to appear on July 27, 2007 to present evidence regarding the financial status of defendant Triple V.

3) Mr. Agtsteribbe failed to respond to the subpoena duces tecum.

4) On December 3, 2007, plaintiff moved for an Order of Contempt.

5) On December 13, 2007, pursuant to an order of referral from the district court, this Court issued an Order to Show Cause, requiring Mr. Agtsteribbe to appear on January 17, 2008 for a hearing on the plaintiff's motion.

6) Mr. Agtsteribbe failed to appear.

E.  *Analysis*

█ Turning to the three elements that must be established before an Order of contempt issues, this Court finds that the subpoena duces tecum requiring Mr. Agtsteribbe to appear and to produce evidence was "clear and unambiguous." More importantly, this Court's Order to Show Cause was equally clear and unambiguous. The Order clearly stated that Mr. Agtsteribbe was required to appear before this Court and explain why an order of contempt should not issue. Thus, the Court finds that the first element necessary to certify a contempt has been established.

With respect to the proof of non-compliance, it must be "clear and convincing." Given that Mr. Agtsteribbe has failed to appear at any of the recent proceedings in this case and has not made any effort to contact the Court or plaintiff's counsel, the Court finds that plaintiff has met this standard.

Finally, with respect to the third element necessary for civil contempt—whether the alleged contemnor has been diligent in attempting to comply with the court's order—it is clear that Mr. Agtsteribbe has made no effort whatsoever to comply.

Given the foregoing, the Court respectfully recommends that an Order issue holding Mr. Agtsteribbe in contempt for his failure to respond to the subpoena and for his failure to appear at the January 17, 2008 hearing. In the alternative, the Court will issue an Order finding Mr. Agtsteribbe in contempt pursuant to Rule 45 of the Federal Rules of Civil Procedure for failure to obey the subpoena.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within ten (10) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See*  28 U.S.C. Section 636(b)(1); Fed.R.Civ.P. 6(a), 6(e), 72;  *Small v. Secretary of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir.1989).

The Clerk is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing (ECF) system or by mail. In addition, plaintiff is Ordered to send a copy of this Report and Recommendation to Mr. Agtsteribbe at his last known address by certified mail, return receipt requested, and to provide the Court with a copy of the return receipt.

**SO ORDERED.**